**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, et al., | No. CV-21-00167-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| Arizona Department of Child Safety, et al., | |
| Defendants. | |

On December 20, 2021, the parties filed a notice of discovery dispute regarding the location of Plaintiffs' depositions.[1] (Doc. 40). Plaintiffs currently reside in Texas and they request the depositions be conducted via videoconferencing or defense counsel travel to Texas. Defendants believe Plaintiffs should appear in Phoenix for in-person depositions.

A court "has wide discretion to establish the time and place of depositions."[2] *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Courts generally begin with a "presumption that a plaintiff should submit to a deposition in the forum district." *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 584 (N.D. Fla. 2019). That presumption can be overcome upon a showing of "good cause," the standard applicable to protective orders in general. *Id.* To establish good cause meriting a protective

---

[1] The parties' discovery dispute submission does not comply with the Court's procedures. Future disputes should be drafted in compliance with those procedures available on the Court's website.

[2] Citing decisions by Arizona state courts, Plaintiffs argue the Court lacks the authority to compel their attendance at depositions in Phoenix. (Doc. 40 at 5-6). Regardless of Arizona law, it has long been established that, in federal court, an out-of-state plaintiff can be required to appear in the forum state for a deposition. *Collins v. Wayland*, 139 F.2d 677, 678 (9th Cir. 1944).

order, Plaintiffs "bear[] the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Here, Plaintiffs argue traveling to Phoenix will require they risk COVID-19 infection and shoulder "financial, work, and childcare burdens." (Doc. 40 at 8). COVID-19 presents a legitimate basis for parties to conduct virtual proceedings to the extent possible. But Plaintiffs' professed concern over the risk of infection is not supported by their own actions. First, Plaintiffs admit they are not vaccinated and have not provided any reason why they cannot be vaccinated. Second, Plaintiffs filed this lawsuit in November 2020. (Doc. 1-3 at 2). At that time, Plaintiffs resided in Oklahoma. (Doc. 1-3 at 5). After filing, Plaintiffs moved to Texas. Plaintiffs have not explained why their move between Oklahoma and Texas did not present an unacceptable risk while travel between Texas and Arizona does.

As for the alleged financial, work, and childcare burdens, Plaintiffs have not established those burdens are sufficient to merit a protective order. Litigation often imposes financial burdens and Plaintiffs have not established how the cost of traveling to Phoenix would be uniquely burdensome to them. Moreover, Plaintiffs will need to take time off work and arrange childcare regardless of where the depositions occur. To lessen the need for childcare, Defendants have offered to schedule the depositions such that Plaintiffs can travel separately and one of them can remain home with the children. Plaintiffs do not explain why such an arrangement is insufficient to alleviate any childcare issues.

Plaintiffs have not established the Court should depart from the default rule requiring they appear in the forum they chose for this litigation. The parties should work together to arrange mutually acceptable dates for the depositions.

Accordingly,

///

///

1  **IT IS ORDERED** Plaintiffs' depositions shall occur in Phoenix, Arizona.

2  Dated this 21st day of December, 2021.

_____
Honorable Roslyn O. Silver
Senior United States District Judge