Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
MILLS + WOODS LAW PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
GILLESPIE, SHIELDS & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Dept. of Child Safety, *et al.*,<br><br>Defendants. | Case No.: 21-cv-00167-ROS<br><br>**REPLY IN SUPPORT OF MOTION TO EXTEND DISPOSITIVE MOTION DEADLINE**<br><br>**EXPEDITED REQUEST**<br><br>(Hon. Rosyln O. Silver) |

Plaintiffs hereby reply in support of their motion for a brief extension of the dispositive motion deadline (Doc. 304), primarily to address the (misleading) Objection and Amended Objection filed by PCH Defendants. (Docs. 305 and 306, respectively). PCH disingenuously, in what must be a deliberate attempt to mislead the Court, states that "Plaintiffs have requested multiple extensions to discovery which delayed the dispositive motion deadline, … ." and then cites eight Orders of this Court bearing on scheduling

deadlines. *See* (Doc. 306 at 2:9-11 (citing Court Orders at Docs. 54, 56, 94, 185, 203, 287, 299, 301)). The inference from this mischaracterization that PCH wants this Court to draw is that each of those Orders affecting the scheduling deadlines in this case were all due to frivolous Plaintiffs delays. That is not the case. Let's review:

- Doc. 54: Plaintiffs sought extensions due to a ransomware ware attack that left counsels' network and critical case documents and discovery stored thereon inaccessible for months, COVID cases among staff, and a 3-month stay of discovery sought by the State in another DCS-involved civil rights case that impacted scheduling of depositions in this case, *see* (Doc. 49); the Court noted that PCH Defendants had not taken a position on Plaintiffs' motion and ordered them to do so before the Court would rule on the motion.
- Doc. 56: Following PCH Defendants' filing its position on Plaintiffs' motion noted in Doc. 54, where PCH Defendants did not object to the motion, *see* (Doc. 55), the Court granted in part the motion that was the subject of Doc. 54 – thus, these two documents go to the same motion, and do not arise from separate motions by Plaintiffs to extend the scheduling deadlines.
- Doc. 94: Plaintiffs requested an extension of their expert disclosure deadline because their retained expert suffered a stroke, from which he subsequently passed away. *See* (Doc. 90).
- Doc. 185: The Court extended the discovery deadlines due to a discovery dispute in which PCH Defendants refused to produce relevant information and documents. At the hearing which resulted in the issuance of this Order, the Court noted its displeasure that PCH Defendants had not yet produced certain of the discovery and that PCH Defendants told the Court it would be several weeks before it could make the ordered production.
- Doc. 203: At the stipulated request of the parties, because Defendants, including PCH Defendants, still had not produced relevant documents, and numerous depositions of defense witnesses has not been accomplished for

reasons outside of Plaintiffs' control, the Court extended the then remaining deadlines. *See* (Doc. 200).

- Doc. 287: Order, pursuant to stipulation of the parties, extending time to conduct certain depositions beyond the deadline to do so due to the parties' inability to accomplish them before the deadline due to reasons outside of Plaintiffs' control. *See* (Doc. 285).

- Doc. 299: Order denying Plaintiffs' request to extend the dispositive motion deadline by 21 days due to the death of Plaintiffs' counsel's mother only 2 days before the motion was filed because the motion did not comply with LRCiv. 7.3 for failure to state the position of Defendants. *See* (Doc. 298).

- Doc. 301: Order granting Plaintiffs' unopposed motion to extend the dispositive motion deadline filed 3 days after his mother passed because Defendants agreed to the extension. See (Doc. 300).

The foregoing demonstrates the disingenuous nature of PCH Defendants' Objection. Additionally, PCH is demonstrably wrong in stating that it was not until "late last night" that Plaintiffs voluntarily dismissed certain PCH Defendants. As the docket demonstrates, the stipulation to voluntarily dismiss those parties (and claims) was signed by PCH Defendants' counsel and filed by Plaintiffs at 3:35 p.m. (Doc. 303.) Moreover, earlier in the week, Plaintiffs' counsel assured PCH Defendants' counsel that Plaintiffs intended to, and would, voluntarily dismiss those PCH Defendants and that briefing a dispositive motion as to those defendants would not be necessary.

Next, the assertions in the objection regarding what the evidence gathered shows about Plaintiffs claims is misplaced in the objection. That is what dispositive motions are for and Plaintiffs are confident in their claims.

Finally, the objection demonstrates the hubris, arrogance, and complete obliviousness of PCH Defendants in complaining about the "personal anguish" they have experience, apparently by being sued, though the objection does not articulate the source of this anguish. It's telling that not one PCH Defendant that was deposed expressed any

personal anguish at having been sued. Rather, to a person, they demonstrated great strength and certainty about their conduct and supreme indifference to how what they did affected this young family. One thing is certain, whatever "personal anguish" any of the PCH Defendants has suffered pales in comparison to the anguish, terror, and humiliation this family was put through because PCH Defendants simply did not stay in their lane and let DCS do its job free of PCH interference.

For the reasons stated in their motion (Doc. 304). Plaintiffs' respectfully request a short extension of time for brief their motions.

**RESPECTFULLY SUBMITTED** this 21st day of September 2023.

**MILLS + WOODS LAW PLLC**

By   */s/ Thomas A. Connelly*
    Thomas A. Connelly
    Robert T. Mills
    Sean A. Woods
    5055 North 12th Street, Suite 101
    Phoenix, AZ 85014

**GILLESPIE, SHIELDS & TAYLOR**
    DeeAn Gillespie Strub
    7319 North 16th Street
    Phoenix, AZ 85020

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of September 2023, I electronically transmitted the foregoing document to be filed electronically with the Clerk of the Court using the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

*/s/ Thomas A. Connelly*