Cynthia Y. Patane (SBN: 018439)
Rachel L. Werner (SBN: 033361)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3647
Facsimile: (602) 265-4716
cpatane@grsm.com
rwerner@grsm.com

*Attorneys for Defendants*
*Brendan Cassidy and Jane Doe Cassidy*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, an individual; Donald Sankey, Junior, an individual; S.Z.S., a minor, through his parents and guardians Honor Duvall and Donald Sankey, <br><br> Plaintiffs, <br><br> v. <br><br> Arizona Department Of Child Safety, a governmental entity; State of Arizona, a governmental entity; Brenda Gualajara, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Gualajara, her spouse, Fernando Araizo, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Araizo, his spouse; Alyssa Lucero, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Lucero, her spouse; Jeffrey Duncan, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Duncan, his spouse; Chantel Madson, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Madson, her spouse; Phoenix Children's Hospital, INC., an Arizona corporation, individually and as a services provider for the State of Arizona Department of Child Safety; | **CASE NO. 21-CV-00167-PHX-ROS** <br><br> **DEFENDANT DR. CASSIDY'S DAUBERT MOTION REGARDING DR. TODD A. LEFKOWITZ, M.D.** <br><br> **(Oral Argument Requested)** <br><br> **(Assigned to the Hon. Roslyn O. Silver)** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | Brendan Cassidy, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Cassidy, his spouse; William S. Wood, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Wood, his spouse; Kathryn Coffman, individually and as a service provider for the State of Arizona Department of Child Safety and John Doe Coffman, her spouse; Hailey Dietzman, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Dietzman, her spouse; Zachary Dion, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Dion, his spouse; Carey Lewis, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Lewis, her spouse; Gregory Mckay, as former Director, Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; John and Jane Does 1-5; and Black Entities 1-5,<br><br>Defendants. |

Defendant Dr. Brendan Cassidy, M.D., move to exclude the testimony of Plaintiffs' standard of care expert, Dr. Todd Lefkowitz, M.D. Plaintiffs retained Dr. Lefkowitz to testify that Dr. Brendan Cassidy, M.D., fell below the standard of care in his evaluation of S.Z.S. on February 22, 2019. Dr. Lefkowitz, however, admits that he is an outlier and that the majority of the members of the relevant scientific community reject his opinions. As a result, Dr. Lefkowitz's testimony should be precluded because it does not meet the standards of admissibility for expert testimony as set forth in the Federal Rules of Evidence and the cases interpreting them.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

By way of background, Dr. Cassidy performed an eye examination of S.Z.S. on February 22, 2019, at Phoenix Children's Hospital. Dr. Cassidy's Consultation Report states as follows:

> Pediatric Ophthalmology Consult
>
> Chart reviewed, mother interviewed. Past ocular history none. Visual acuity, follows large objects with each eye. Rotations are full with straight eyes. Has mild periocular ecchymoses and subconjunctival ecchymoses in both eyes. Pupils are 4 mm to 2 mm and equally reactive. Rotations are full. Cornea, lens, and vitreous are clear in both eyes. Cup-to-disk ratio 0.0 in both eyes. There is mild hemorrhage overlying the optic nerve in both eyes. There is marked hemorrhage of all 3 layers, subretinal, intraretinal, and preretinal in both eyes. These hemorrhages are nearly confluent and go from the posterior pole all way to the ora serrata in both eyes. There is mild overlying vitreous hemorrhage in several areas in both eyes.
>
> **ASSESSMENT:** Intracranial hemorrhaging, mental status changes, bilateral marked retinal hemorrhaging involving both eyes, all 3 layers, and all zones of both eyes. This is most consistent with abusive head trauma, could be related to a single massive crush injury to the skull, massive single acceleration/deceleration injury, or a repetitive acceleration/deceleration injury. Careful attention to the possibility of an underlying bleeding disorder or severe health compromise such as sepsis or leukemia is necessary. His current vision is reduced for his age and prognosis is guarded. There is hope that the vision will clear with time.
>
> **RECOMMENDATIONS:** Re-evaluate in 6 to 8 weeks with dilated fundus exam. If hemorrhaging is not clearing in the vitreous, then a retinal consult with possible vitrectomy would be considered at that 6-week mark. He may need appropriate stimulation for traumatic brain injury and potential for cortical visual impairment. Findings discussed with mother and family members. Reconsult earlier p.r.n. Thank you for this consult.

(Ex. 1 at PCH 1281 cycn.)

Dr. Todd Lefkowitz is Plaintiffs' standard of care expert against Dr. Cassidy. Dr. Lefkowitz disputes Dr. Cassidy's findings of retinal hemorrhages, as well as the statement that the findings from S.Z.S.'s evaluation are most consistent with abusive head trauma. (Ex. 1 at PCH 1281 cycn.) Dr. Lefkowitz contends that Dr. Cassidy fell below the standard of care. (Ex. 2 at p. 37, ln. 23, to p. 24, ln. 2.) Dr. Lefkowitz believes that the retinal hemorrhages described

by Dr. Cassidy are not consistent with the diagnosis of abusive head trauma (AHT). (Ex. 2 at p. 56, lns 2.-18.) In fact, Dr. Lefkowitz believes AHT is not even a valid medical diagnosis.

## II.  UNDISPUTED FACTS REGARDING DR. LEFKOWITZ'S PROPOSED TESTIMONY

The following facts regarding Dr. Lefkowitz and his proposed testimony are undisputed. They are all taken from his sworn deposition testimony:

1. Dr. Lefkowitz believes that AHT is not a valid medical diagnosis. (Ex. 2 at p. 98, lns. 17-19.)

2. He does not agree that there is a significant relation between retinal hemorrhages and abusive head trauma. (Ex. 2 at p. 67, lns. 9-19.)

3. He does not believe Dr. Cassidy was reasonable in concluding that the findings of retinal hemorrhages were most consistent with AHT. (Ex. 2 at p. 56, lns. 9-18.)

4. Dr. Lefkowitz admits that the majority of American medical societies believe that retinal hemorrhages are or can be due to AHT. (Ex. 2 at p. 167, lns. 12-23.)

5. Dr. Lefkowitz admits that retinal hemorrhages have been recognized as a key indicator of abusive head injury for more than 30 years. (Ex. 2 at p. 109, lns. 2-7.)

6. Dr. Lefkowitz agrees there are studies demonstrating that severe retinal hemorrhages are strongly associated with AHT. (Ex. 2 at p. 109, ln. 9, to p. 110, ln. 4.)

7. He agrees that the American Academy of Ophthalmology issued a guideline stating retinal hemorrhages have been recognized as a key indicator of abusive head trauma for more than 30 years. (Ex. 2 at p. 187, ln. 14, to p. 188, ln. 6.)

8. He admits that the relevant medical society statement in 2018 was that the most common manifestations of child physical abuse are retina hemorrhages, seen in approximately 75 percent of children who have been victims of abusive head trauma. (Ex. 2 at p. 188, ln. 16, to p. 189, ln. 6.)

9. He admits that most people in the ophthalmic community and just about everyone in the pediatric community believe that retinal hemorrhages in abusive head trauma can vary in number, size and location. (Ex. 2 at p. 111, lns. 14-22.)

10. He admits that his opinion that retinal hemorrhages are unlikely to result from shaken baby syndrome or AHT is contrary to the majority of medical societies in the United States. (Ex. 2 at p. 167, ln. 24, to p. 168, ln. 5.)

11. Dr. Lefkowitz admits that his opinions are an outlier to the conclusions of the majority of major medical societies' that retinal hemorrhages can be caused by AHT. (Ex. 2 at p. 168, ln. 7, to p. 169, ln. 8.)

12. He admits that his opinion that retinal hemorrhages are not related to AHT is inconsistent with the majority of opinions in the scientific community. (Ex. 2 at p. 169, ln. 10, to p. 170, ln. 3.)

13. He is unaware of any international or national professional medical societies that have publicly taken a position that AHT is not a valid medical diagnosis. (Ex. 2 at p. 98, lns. 12-16.)

### III. STANDARD FOR ADMISSION OF EXPERT TESTIMONY

Plaintiffs seek to admit the expert testimony of Dr. Lefkowitz. Thus, the Court must determine at the outset whether Dr. Lefkowitz is "proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 591, 113 S.Ct. 2786 (1993 ) (hereafter referred to as "*Daubert I*"). In *Dabuert I*, the United States Supreme Court clarified that the standard for admission of expert scientific testimony is set forth in FRE 702 ("If scientific, technical or other specialized knowledge will assist the trier or fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise"). *Id.*, at 589. Under *Daubert*, the district court acts as a "gatekeeper," excluding "junk science" that does not meet the standards of reliability required under FRE 702.

In performing its gatekeeping function, the trial court must determine whether the reasoning or methodology underlying the testimony is scientifically valid, and whether that reasoning or methodology properly can be applied to the facts in issue. *Id.*, at 593. Widespread acceptance can be an important factor in ruling particular evidence admissible. The lack of

general acceptance by the scientific community of the opinions proffered by the expert was essentially the basis for the Supreme Court's exclusion of the proffered testimony in *Khumo Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

## IV. DR. LEFKOWITZ'S TESTIMONY DOES NOT MEET THE DAUBERT REQUIREMENT FOR RELIABILITY UNDER FRE 702

Dr. Lefkowitz's opinions that AHT is not a valid medical diagnosis and that there is no significant relationship between retinal hemorrhages and AHT are not generally accepted by the scientific community. In fact, his opinions are inconsistent with the majority of the scientific community. By his own admission, his opinions make him an outlier and no professional societies agree with him. In sum, his opinions are junk science and should be precluded.

## V. CONCLUSION

Dr. Todd Lefkowitz admits that his opinions about AHT are not accepted by the relevant scientific community. His testimony is not reliable and he should not be permitted to testify.

Dated: September 21, 2023

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s Cynthia Y. Patane*
    Cynthia Y. Patane
    Rachel L. Werner
    *Attorneys for Defendants*
    *Brendan Cassidy and Jane Doe Cassidy*

## **TABLE OF CONTENTS – EXHIBITS**

Exhibit 1     Report of Consultation

Exhibit 2     Deposition Transcript - Dr. Todd A. Lefkowitz, M.D.

## **CERTIFICATE OF SERVICE`**

I hereby certify that on September 21, 2023, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties, and will e-mail all notification of such filing to all non-CM/ECF system participants.

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Mills & Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub
Sandra Daussin
Gillespie, Shields, Goldfarb Taylor
7319 North 16th Street
Phoenix, AZ  85020
*Attorneys for Plaintiffs*


Kari B. Zangerle
Robert C. Stultz
Gust Rosenfeld, P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ  85004-2553
*Attorneys for Defendants Phoenix Children's Hospital;*
*Dr. William S. Wood and Rachel Wood; Dr. Kathryn Coffman;*
*Hailey Dietzman and Roald Dietzman; Zachary Dion; and Carey Lewis*

By: /s  Z. Seyferth