EXHIBIT 44

1  MARK BRNOVICH
   Attorney General
2

3  DENISE VALENZUELA
   Assistant Attorney General
4  State Bar No. 009888
   CFP/PSS
5  2005 N. Central Ave. C007AG
6  Phoenix, Arizona 85004
   Telephone: (602) 542-1645
7  PSSDurango@azag.gov

8  Attorneys for the Department of Child Safety

9            IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
10

11             IN AND FOR THE COUNTY OF MARICOPA

12  In the Matter of:                      No. JD87152-

13                                         **DCS'S DEPENDENCY PETITION AND**
14     d.o.b.                              **PETITION FOR PATERNITY AND/OR**
                                           **CHILD SUPPORT**
15
16                                         **(OUT-OF-HOME)**

17                                         CHILDS NO. 612977

18  Person under 18 years of age.          (Honorable _____ )

19
       Petitioner, the Department of Child Safety (DCS or the Department), by and
20

21  through undersigned counsel, hereby alleges upon information and belief:

22                                  **I.**
23                             **Jurisdiction**

24     The Juvenile Court has exclusive original jurisdiction over dependency matters
25
26  pursuant to A.R.S. § 8-202(B).  The Superior Court has original jurisdiction in

27  proceedings to establish paternity pursuant to A.R.S. § 25-801.

28
                                   1

**II.**
**Venue**

Venue in this county is proper pursuant to A.R.S. §§ 8-206(A) and 25-802 as Maricopa County is the residence of the child and/or the acts of dependency are alleged to have occurred in Maricopa County.

**III.**
**Identity of Child, Placement and Applicability of the**
**Indian Child Welfare Act**

A.       █████████████████:

    1.    █████████████████ is a male child whose date of birth is █████████████. This child is under three years of age.

    2.    █████████████████ is a dependent child within the provisions of A.R.S. § 8-201(15).

    3.    █████████████████ is currently placed with MARGARET GOOD, a non-licensed relative.

    4.    █████████████████ is not an Indian child as defined by the Indian Child Welfare Act, 25 U.S.C. § 1903(4).

**IV.**
**Parties**

The following individuals are alleged to be the parents, guardians, and/or Indian Custodians of the child who is the subject of this Petition, upon information and belief:

A.      HONOR NACOLE DUVALL is the mother of █████████████

    1.    Her date of birth is █████████

2

2.   Her address is ███████████████████████████. Her

phone number is ██████████.

B.   DONALD RAY SANKEY, JR. is the father of ███████████████.

1.   His date of birth is ██████████.

2.   His address is ████████████████████████. His

phone number is █████████.

3.   He was never married to HONOR NACOLE DUVALL.

4.   He has established his paternity of ████████████ by

acknowledgment of paternity.

5.   He does not have an order granting him custody of ██████████

██████.

6.   He does not have a child support order as to ████████████.

**V.**

**Temporary Custody**

Upon information and belief, ██████████████████ was taken into

temporary physical custody on March 16, 2019, at 6:10 p.m., as authorized by an order of

the Superior Court dated March 8, 2019.  The Superior Court authorization and DCS's

application for court authorization are attached to this Petition.

**VI.**

**Allegations**

A.   Upon information and belief, DCS alleges that ████████████████ is

dependent due to abuse and/or neglect as to HONOR NACOLE DUVALL.

3

1        1.    Mother is unable to provide her child with proper and effective parental care and control due to physical abuse or failure to protect from physical abuse. The child presented at the hospital the week of February 21, 2019 with multiple injuries, including bruising, retinal bleeding, brain bleeds, and fractured bone. The hospital staff suspected non-accidental trauma. The child had been in the exclusive care of Mother, Father, and the maternal grandmother since he was released from the hospital after birth. All of the caregivers reported that they were unaware of any recent trauma to the child that could have resulted in the injuries. There is an open police investigation.

B.    Upon information and belief, DCS alleges that ████████████ I ██████ s dependent due to abuse and/or neglect as to DONALD RAY SANKEY, JR..

        1.    Father is unable to provide his child with proper and effective parental care and control due to physical abuse or failure to protect from physical abuse. The child presented at the hospital the week of February 21, 2019 with multiple injuries, including bruising, retinal bleeding, brain bleeds, and fractured bone. The hospital staff suspected non-accidental trauma. The child had been in the exclusive care of Mother, Father, and the maternal grandmother since he was released from the hospital after birth. All of the caregivers reported that they were unaware of any recent trauma to the child that could have resulted in the injuries. There is an open police investigation.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VII.
### Aggravating Circumstances

Pursuant to A.R.S. §§ 8-841(B)(5) and 8-846(D)(1), DCS has not yet made a determination or cannot determine at this time whether aggravating circumstances exist. The child presented to the hospital on or about February 22, 2019 with multiple injuries and hospital staff suspected non-accidental trauma.  The child had been in the exclusive care of the parents and maternal grandmother since he was released from the hospital after birth. All of the caregivers reported that they were unaware of any recent trauma to the child that could have resulted in the injuries. There is an open police investigation.

## VIII.
### Facts Supporting Contrary to the Welfare of the Children Finding

Continuation of the child in the home would be contrary to the child's welfare. The child is not safe in the parents' care because the child presented at the hospital the week of February 21, 2019 with multiple injuries, including bruising, retinal bleeding, brain bleeds, and fractured bone. The hospital staff suspected non-accidental trauma. The child had been in the exclusive care of Mother, Father, and the maternal grandmother since he was released from the hospital after birth.  All of the caregivers reported that they were unaware of any recent trauma to the child that could have resulted in the injuries.  There is an open police investigation.

## IX.
### Facts Supporting Reasonable Efforts Finding

It is further requested that the Court find, based upon the verified allegations of the petition that it was reasonable to make no efforts to maintain the child in the home.  DCS

5

held a team decision making meeting on March 1, 2019 and both parents participated. DCS put present danger plans in place to ensure the safety of the child during its investigation. The child is not safe in the parents' care because the child presented at the hospital the week of February 21, 2019 with multiple injuries, including bruising, retinal bleeding, brain bleeds, and fractured bone. The hospital staff suspected non-accidental trauma. The child had been in the exclusive care of Mother, Father, and the maternal grandmother since he was released from the hospital after birth. All of the caregivers reported that they were unaware of any recent trauma to the child that could have resulted in the injuries. There is an open police investigation.

## X.
## Facts Supporting Relative or Non-Relative Placement

The Department made attempts to identify and assess placement with the child's grandparent or another member of the child's extended family, including a person who has a significant relationship with the child and the child is currently in such a placement. The child's current placement is the least restrictive consistent with the child's best interests.

## XI.
## Financial Responsibility for the
## Support of the Child

The parent(s) should pay an appropriate amount as determined by law for the care, maintenance and support of the child while in care pursuant to A.R.S. §§ 8-241, 8-243 and 8-243.01.

6

DUVALL_000031

## XII.
### Education

With regard to possible special education issues of any child named herein who is not placed with a parent, or for any child subsequently removed from a parent(s) physical custody, DCS hereby requests an order providing that:

1.   In the event a public education agency or Arizona early intervention provider advises DCS that it needs to locate a parent of any child named in this petition to serve as the Individuals With Disabilities Education Act (IDEA) parent for that child and a parent can no longer be located by DCS; or

2.   In the event the parent or legal counsel for the parent tells the public education agency, or DCS/its legal counsel that the parent will not serve as the IDEA parent for the child named in this petition; or

3.   If the parent is subject to a no contact order as to any of the children; or

4.   If a public education agency or an Arizona early intervention provider following reasonable efforts to try and get a parent to respond to its requests to act as the IDEA parent for any child named in this petition, fails to obtain a response or any cooperation of a parent, an adult relative, stepparent, or foster parent with whom the child lives (but not staff of a group home or other residential facility) shall have authority to serve as the IDEA parent.

The IDEA parent represents the children's special education interests under Parts B or C of the IDEA. The purpose of such representation is to ensure that a child with a

7

DUVALL_000032

suspected/known disability receives prompt assessment and evaluation for eligibility for early intervention services or appropriate educational services, which may include special education and related services designed to meet the child's unique needs.

## REQUEST FOR RELIEF

Based upon the foregoing allegations, immediate action is required.

WHEREFORE, DCS requests this Court find and/or order that:

1.    The Juvenile Court has jurisdiction over the subject matter and, after proper service on the parents, guardians, and/or Indian custodians, the persons before this Court;

2.    Venue is proper in this county;

3.    The child is a temporary ward of the Court, placed in the care, custody, and control of DCS, 3003 North Central Avenue, Phoenix, Arizona 85012, and;

    a.    Placing          in the physical custody of MARGARET GOOD, a non-licensed relative;

4.    Continuation of the child in the home would be contrary to the child's welfare;

5.    It was reasonable to make no efforts to maintain the child in the home;

6.    The Department made attempts to identify and assess placement with a grandparent or extended family, including a person who has a significant relationship with the child;

7.    The child is not an Indian child as defined by the Indian Child Welfare Act, 25 U.S.C. § 1903(4);

8

8.   A Preliminary Protective Hearing be set pursuant to A.R.S. § 8-824, an Initial Dependency Hearing pursuant to A.R.S. §§ 8-842 and 8-843, a Publication Hearing, and a Permanency Hearing pursuant to A.R.S. § 8-862;

9.   The matter be assigned to the Court-Appointed Special Advocate (CASA) Program to determine if it is appropriate for the assignment of an advocate;

10.  The matter be assigned to the Foster Care Review Board (FCRB) to perform the duties required by statute;

11.  All persons are prohibited from removing the children from the State of Arizona without prior written approval of DCS;

12.  Any judgment and orders for the care, paternity, custody, support or such other relief, as the child's welfare and the interests of the State may require under the provisions of Title 8 and Title 25 of the Arizona Revised Statutes;

13.  That the parent(s) or legal guardian(s) shall provide the DCS Child Safety Worker or its attorney with a recent educational history (including the name(s) and location(s) of the school(s) each child named in the Petition recently attended and the grade in which each child was most recently enrolled.) The parent(s) or legal guardian(s) shall also provide or confirm the date of birth of each child named in the Petition;

14.  An individual other than a biological or adoptive parent is authorized to act as the IDEA parent under the circumstances delineated herein;

9

DUVALL_000034

15. All medical, dental and mental health providers, health plans, Regional Behavioral Health Authorities (RBHAs), as well as other Health Insurance Portability and Accountability Act (HIPAA) covered providers who have provided any services to the child, make available to any guardian ad litem for the child and/or attorney for the child the various medical, dental, mental health, genetic and other health care records of the child;

16. The allegations in this Petition are true by a preponderance of the evidence and that the child is dependent to all alleged parents, guardians, and/or Indian custodians as defined by A.R.S. § 8-201(15), and that the child be made a ward of the court committed to the care, custody, and control of DCS;

17. **The parent, guardian, or Indian custodian be advised as follows;**

    a.    **Failure to appear without good cause may result in a finding that the parent, guardian or Indian custodian has waived his/her legal rights and admitted the allegations in the dependency petition;**

    b.    **That hearings may go forward in his/her absence and may result in an adjudication of dependency, permanent guardianship or termination of parental rights based upon the record and evidence presented to the Court, as well as an order of paternity, suspension or termination of an existing current child support order, custody, or change of custody in a consolidated family law**

10

matter and an order for child support if paternity has been establish;

c.    Proceedings for permanent guardianship pursuant to A.R.S. §§ 8-871 and 8-872 or proceedings for termination of parental rights pursuant to A.R.S. § 8-533 may be initiated based upon the grounds set forth in statute or for failure to participate in reunification services; and

d.    If a child is under three years of age, within six months after removal from the home, the Court will determine whether the parent, guardian or Indian custodian has substantially neglected or willfully refused to participate in reunification services offered by DCS; admonish the parent, guardian, or Indian custodian that substantially neglecting or willfully refusing to remedy the circumstances that cause a child to be in an out-of-home placement, including refusing to participate in reunification services, is a ground for termination of parental rights; and

18.   That the parent(s) or legal guardian(s) provide to this Court, as required by A.R.S. § 8-841(D)(5), at the Preliminary Protective Hearing and/or the Initial Dependency Hearing:  the names, type of relationship, and all available information necessary to locate persons related to the child or who have a significant relationship with the child.  Persons related to the child

11

include the child's grandparents, great-grandparents, brothers or sisters of whole or half-blood, aunts, uncles and first cousins. If the parent(s) or legal guardian(s) do not have sufficient information available to locate a relative or person with a significant relationship with the child, the parent or guardian must inform this Court of this fact. The parent(s) or legal guardian(s) must inform DCS immediately if the parent(s) or guardian(s) becomes aware of information related to the existence or location of a relative or person with a significant relationship with the child.

19. Notice is given that if DCS has temporary custody of a child or legal custody pursuant to a court order, it has the authority to consent to: evaluation and treatment for emergency conditions that are not life threatening; routine medical and dental treatment and procedures, including early periodic screening diagnosis and treatment services, and services by health care providers to relieve pain or treat symptoms of common childhood illnesses or conditions; surgery; blood transfusions; general anesthesia; and testing for the presence of the Human Immunodeficiency Virus (HIV). A.R.S. § 8-514.05(C).

20. Notice is given that DCS is proposing to substantiate any allegations of abuse and/or neglect contained in the dependency petition for placement in the DCS Central Registry. The DCS Central Registry is a confidential list of DCS findings that tracks abuse and neglect. If the court finds your child dependent based upon allegations of abuse and/or neglect contained in the

12

DUVALL_000037

1    dependency petition, you will be placed in the DCS Central Registry. *See*

2    A.R.S. § 8-804.

3    21.   Notice is given that under the Arizona Rules of Family Law Procedure

4          5.1(E), during any dependency/guardianship proceeding in the juvenile

5

6          division, the assigned juvenile division may suspend, modify, or terminate a

7          child support order for current support if the parent entitled to receive the

8          child support no longer has legal or physical custody of the child, and,

9

10         except in Title IV-D cases may make appropriate orders regarding any past

11         due support or child support arrears.  The assigned juvenile division may

12         direct that the wage assignment be quashed or modified.

13         RESPECTFULLY SUBMITTED this 19th day of March, 2019.

14

15                              MARK BRNOVICH
                               Attorney General
16

17                              DENISE VALENZUELA
                               Assistant Attorney General
18

19

20

21

22

23

24

25

26

27

28
                                     13

| | |
|---|---|
| 1 | **VERIFICATION** |
| 2 | STATE OF ARIZONA    ) |
| 3 |                   ) ss. |
| | COUNTY OF MARICOPA   ) |

1   **VERIFICATION**

2   STATE OF ARIZONA            )
                                ) ss.
3   COUNTY OF MARICOPA          )

4

5        I, Jeffrey Duncan, being duly sworn, upon oath depose and say:

6        I am an employee of the Petitioner, the Department of Child Safety, and I have

7   been authorized to make this verification on its behalf.  I have read the foregoing Petition

8

9   and believe upon information and belief that the contents thereof are true and correct.

10

11                                              _____
                                                Signature of Jeffrey Duncan
12

13                                              CWI   MANAGER
                                                _____
14                                              Title

15

16        SUBSCRIBED and SWORN to before me this 19th day of March,

17   2019.

18

19                                              _____
                                                Notary Public
20

21   HMD / Sankey/Duvall / HDM#7745868

KRISTI L GRIFFITH
Notary Public - Arizona
Maricopa County
My Comm. Expires Mar 18, 2020

16

DUVALL_000039

## ORDER FOR EX-PARTE REMOVAL OF CHILD
### Superior Court of Arizona for Maricopa County

REMOVAL REQUEST # RR2019-00741

COUNTY OF ORIGIN Maricopa

DCS CASE ID 612977

TO ANY DCS REPRESENTATIVE IN THE STATE OF ARIZONA

Proof by application and declaration having been made this date 03/08/2019 before me by Alyssa Lucero of the Department of Child Safety ("DCS"), and on the basis of the evidence presented in such application and declaration, and pursuant to A.R.S. §8-821(A), I find probable cause exists to believe that temporary custody is clearly necessary to protect the following child Swayde Sankey from suffering abuse or neglect. I further find, for the reasons indicated below and pursuant to A.R.S. §8-821(A), that probable cause exists to believe that it is contrary to the child's welfare to remain in the home.

- ☑ Failure to protect a child(ren) from abuse or neglect
- ☑ Risk of abuse or neglect of child(ren)

Therefore, **IT IS ORDERED** granting DCS's request for authorization to remove Swayde Sankey and authorizing DCS to remove this child.

*Gregy J. Gregr*
_____            3/8/2019 3:57 PM
Hon. Gregory Gnepper

DUVALL_000040

# APPLICATION AND DECLARATION FOR EX-PARTE REMOVAL OF CHILD
## Superior Court of Arizona for Maricopa County

REMOVAL REQUEST # RR2019-00741

COUNTY OF ORIGIN Maricopa

DCS CASE ID 612977

I, Alyssa Lucero, hereby affirm the following statement of facts:

1. I am employed by the Arizona Department of Child Safety. By virtue of my education, training and experience I am qualified and authorized to conduct child abuse and neglect investigations. I am currently assigned to investigate the case involving the child named in this application and declaration for removal, or am that person's supervisor. I make this declaration in support of this application. Further, I have the following qualifications: 05/2018-Current Office of Child Welfare Investigations (OCWI)
03/2016-05/2018-DCS Investigator (Criminal Conduct Unit)
Conducts high profile, complex, and sensitive investigations related to allegations of criminal child abuse and neglect.
Assesses, responds to, and investigates criminal conduct reports, in conjunction with internal and external stakeholders, generated by the Arizona Child Abuse Hotline. Conducts interviews, collects documents and records interacting in the Statewide Automated Child Welfare Information Systems, testifying in court regarding investigations, investigating cases involving allegations of child abuse resulting in serious injury or death; providing assistance related to strategies and techniques used when performing sensitive investigations of child abuse and neglect, attending a variety of meetings to include high profile staffing's, and performs other duties appropriate to the assignment.

2. This application and declaration is in support of for ex-parte removal of the following children:

| Child Name | DOB | Sex | ICWA Status |
|---|---|---|---|
|  |  | M | No |

3. The mother(s) is/are:
   The mother of ▮▮▮▮▮▮▮▮ is Honor Duvall

4. The father(s) is/are:
   The father of ▮▮▮▮▮ is Donald Sankey

5. The legal guardian(s) is/are:
   The legal guardian of ▮▮▮▮▮▮▮ is None or Unknown

DUVALL_000041

# APPLICATION AND DECLARATION FOR EX-PARTE REMOVAL OF CHILD
## Superior Court of Arizona for Maricopa County

6.  Probable cause exists to believe that temporary custody is clearly necessary to protect the child
    from suffering abuse or neglect, and it is contrary to the child's welfare to remain in the home
    under A.R.S. §8-821(A). Specifically, Child Swayde Sankey (age 2 months) was admitted
    through the emergency department at Phoenix Children's Hospital on the evening of 02/21/2019.
    Child ███████ was diagnosed with the following medical conditions: bilateral retinal bleed,
    chronic brain bleeds (old and new), and bilateral tibias bucket handle fractures. The injuries were
    determined by the medical team at Phoenix Children's Hospital to be a result of suspected non-
    accidental trauma. This is also currently an open criminal investigation with the Buckeye Police
    Department.

    After continued investigation with OCWI conflicting medical information and documentation was
    brought to light. Since the original request of the Court Authorized Removal, the child has had
    follow up medical appointments which reported the same original findings. The child was
    requested to return to Phoenix Children's Hospital on 03/07/2019 for a follow-up MRI and
    skeletal survey. The skeletal survey showed only the right tibia being fractured and no injuries to
    the left leg. As a result of the MRI it was requested the excess blood in the child's brain be
    drained. Due to medical complications with the procedure the child was admitted to the Intensive
    Care Unit at Phoenix Children's Hospital on 03/08/2019.

    The biological parents, Honor Duvall (mother) and Donald Sankey (father) are first time parents
    and equal caregiver's for their son, dependent on their work schedules. The maternal
    grandmother, Dawn Duvall is an additional caregiver for the child when the parents are at work.
    All three adults reported they are not aware of any recent trauma to the child that could have
    resulted in the injuries that were diagnosed by the medical team. The parents and maternal
    grandmother reported there are no other relatives in the state of Arizona that would be able to
    provide 24/7 supervised care for the child in order for their to be a less intrusive plan in place.
    Due to all three caregiver's
    not being able to provide any form of an explanation and there being no other identified caregiver
    for the child, it is necessary for the child to be brought into the temporary custody of the
    Department of Child Safety to further ensure his protection from any future injuries and/or death.

7.  I, Alyssa Lucero, declare under penalty of perjury that the information contained within this
    application and declaration is true and correct to the best of my knowledge and belief.

    3/8/2019 3:53 PM

CSO-1020D (5-18)

ARIZONA DEPARTMENT OF CHILD SAFETY
**TEAM DECISION MAKING (TDM) SUMMARY REPORT**
**PRESENT DANGER**



| CHILDS CASE NAME:<br>Duvall, Honor | | CHILDS CASE ID NO.: ▮▮▮ |
|---|---|---|
| DCS SPECIALIST'S NAME:<br>Alyssa Lucero | | DCS SUPERVISOR'S NAME:<br>Jeff Duncan |
| TDM FACILITATOR'S NAME:<br>Anitra Julion | | TDM MEETING:<br>Date: 3/01/2019   Time : 1:00 p.m. |

| Child(ren) with Safety Concerns | | Mother/Guardian's<br>Name | Father/Guardian's<br>Name |
|---|---|---|---|
| **Name** | **DOB** | | |
| ▮▮▮ | ▮▮▮ | Honor Duvall | Donald Sankey |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

What efforts have been made to include all parents and/or legal guardians in the meeting?
Ms. Duvall is present for the meeting

Mr. Sankey is present for the meeting

What led to the children being removed? *(What is the Present Danger Condition)*
Ms. Duvall reports the meeting is in regards to Swayde being taken to the emergency room  and while there test was ran. There were a lot of inconsistencies with ▮▮▮'s labs, x-rays, CT Scans and MRI's at Phoenix Children's hospital (PCH). Ms. Duvall indicated ▮▮▮ has been spitting up blood and had busted blood vessels. Lab work was done first that determined no illness. Later an x-ray was ran and the first report was that everything was fine and then Ms. Duvall was informed that ▮▮▮ had fractures in his hips/tibia. ▮▮▮ hen received a CT scan and that test checked out fine. Ms. Duval reported she was later told by a doctor that ▮▮▮ had fractures in his knees and he had two brain bleeds. Ms. Duvall states some of the staff at PCH was telling her that the injuries weren't that significant and the social worker indicated there were no concerns of abuse. Ms. Duvall indicated there kept on being inconsistent reports from PCH, Ms. Duvall reported she asked for copies of the reports/lab work from PCH (phoenix childrens hospital) but they were denied access to them. DCS implemented an out of home present danger plan with maternal great grandmother (Margaret) as responsible adult

Mr. Sankey reports the meeting is in regards to ▮▮▮ being in the hospital, Mr. ▮▮▮ indicated Ms. Duvall informed him that ▮▮▮; has broken bones and bleeding. Mr. Sankey reported information from PCH has been inconsistent and they don't know what is going. Mr. Sankey stated if ▮▮▮'s legs were broken he would know.

DCS (department of child safety) reports an in home present danger plan was implemented on 2/23/19 due to allegations of physical abuse. PCH (phoenix children's hospital) reported that ▮▮▮ there were some inconsistencies reported from PCH to DCS and Buckeye police department on Thursday 2/21 Friday 2/22/19. When the day staff at PCH arrived more test were ran for clarification (chronic brain bleeds old & new, subdural hematoma in both eyes, bilateral tibia bucket handle fracture in the lower legs) this is suspected non accidental trauma.

DUVALL_000043

What additional concerns or worries are the ⬛⬛
Both parents are reporting they don't not know what happened to ⬛⬛

Parents did not report any other adult in home and have not mentioned ⬛⬛ being in daycare

⬛⬛ has retinal bleeding and fractured tibia's

⬛⬛ having an undiagnosed medical issue - Phoenix Children's hospital didn't test for blood disorders

Phoenix Children's hospital giving the parents inconsistent stories regarding his lab, x-ray, MRI & CT Scans

Phoenix Children's hospital not giving the parents access to ⬛⬛'s lab reports and results when asked for

⬛⬛ being seperated from his parents and going into foster care

The bond that is being loss between ⬛⬛ and his parents (Ms Duvall is breastfeeding)

The parents employment being effected

PCH reported doing a dilated eye exam however one was never done

MRI results at PCH showed flulid collection but no bleeds - trauma and nuero were on two different pages at PCH

Buckeye police has an open criminal investigation
What action steps have the parents taken to protect the child(ren)?
Ms. Duval took ⬛⬛ to the emergency room for a cold

The parents have been proactive in seeking treatment for ⬛⬛ even getting a second opinion once he was discharged from PCH

⬛⬛ was referred to Valley Radiology on Monday 2/25/19 for a second opinion this is the radiologist reading that the left leg shows no fracture or bone deformity. Right leg showed hypo density but only in one view.

Dr. Wood (orthopedic) at PCH reviewed both x-rays and stated they were both normal

Eye Doctors of Arizona Ophthalmologist Dr. W. Heller apt on 2/25/19 it was reported that ⬛⬛'s eyes were normal and there was no retinal bleeding follow up on 3/11/19

Available family resources and supports who may be able to manage child safety today:
The family has maternal grandmother (Dawn), Paternal grandparents ( Donald & Debra Sankey) Maternal great grandmother (Margaret)
Friends ( Laura, Samantha, Candice, Gordon)

The parents are gainfully employed and have stable housing

The parents are caring, loving and provide for ⬛⬛'s basic needs

The parents have been very proactive in ⬛⬛'s medical care & treatment needs

What needs to happen to continue to ensure safety pending the completion of the Family Functioning Assessment? *(ideas)*
⬛⬛ have additional test ran done to determine if he has a medical disorder that is causing his current injuries (skeletal on 3/12/19 &
CPT at PCH 3/7/19)

⬛⬛ had a pediatrician apt on 3/1/19

Parents return home with ⬛⬛ without a responsible adult

The parents have an in home responsible adults who reside in the home with the parents during the time the parents are home with the
⬛⬛

Ms. Duvall continue to breastfeed

⬛⬛ be removed from the home

DCS meet with ⬛⬛'s medical team (meet with PCH and PCP -PCP- Dr. Heather Gosnell)

Have ⬛⬛'s MRI results re-read

DCS either In home present danger based on the meeting with Dr. Kaufman

DUVALL_000044

Dr. Kaufman review ███ 's medical info. ation

DCS remove present danger pending review of medical records

DCS follow up with Buckeye police department

Gordon continue to act as a responsible adult

Family friends (Candice, Laura & Samantha) become responsible adults

DCS get approval for Ms. Duvall to attend ███ 's doctor's appointments

DCS ask Dr. Kaufman to speak with the family

Ms. Duvall send ███ 's medical records to DCSS

DCSS will reassess visits with ███ and Mr. Sankey by 3/8/19

Recommendations from meeting and the least intrusive plan to assure child safety:
DCS will leave the current out of home present danger plan in place with Margaret Good (maternal great grandmother) acting as responsible adult and extend it until 3/22/19. DCS will follow up with Dr. Kaufman regarding ███ 's medical records and meet with DCSS to make a recommendation on ███ 's care and DCS involvement. DCS will provide Dr. Kaufman will all ███ 's medical records acquired from the family. If the medical review hasn't been done by 3/8/19 DCSS will reassess visits with ███ and Mr. Sankey.

## Legal Custody *(Specify for each child)*

| Maintain child in parent/guardian's custody ███ | In-home dependency | Return child to parent/guardian's custody |
|---|---|---|
| Voluntary out-of-home care | In-home intervention | Dependency out-of-home care |

Placement *(Specify for each child):*
███ will reamin in the home

Current/Last school attended *(Specify for each child):* If a safety, out-of-home placement or permanency decision results in a change to the child's living arrangement, document the school placement decision (remain in the school of origin or enroll in a new school) using the Best Interests Determination and Transportation Plan CSO 1348A.
N/A

Plan for sibling contact (if applicable) and parenting time *(Specify for each child):*
Ms. Duvall will have supervised contact/ parenting time with ███ during

Mr. Sankey is not currently being offered visits with ███

Follow up tasks to be completed (within 7-10 days)

| WHO | WHAT | WHEN |
|---|---|---|

DUVALL_000045

| DCS | Email Dr. Kaufman ███ 's medical records | 3/1/19 |
|---|---|---|
| DCS | Ask Dr. Kaufman about meeting with the family | 3/1/19 |
| DCS | Extend present danger plan if needed | 3/8/19 |
| DCS | Staff with Jeff regarding Mr. Sankey having supervised visits if needed | 3/8/19 |
| DCS | Follow up with Buckeye police department | 3/4/19 |
| Ms. Duvall | Send DCSS ███ medical records | 3/4/19 |
| DCS | DPS checks on Laura and add as a responsible adult | 3/4/19 |
| | | |
| | | |

Back-up plan *(If applicable, is valid until the end date of the Present Danger Plan):*
Pending the review of ███ 's medical records by Dr. Kaufman the present danger plan may be lifted on or prior to 3/8/19 if the review is not completed by 3/8/19 the present danger plan will be extended until 3/22/14

DUVALL_000046

**Signatures of Participants (Signature does not imply agreement)**
*Firmas de Participantes (Su firma no significa que acepta un acuerdo)*

| Print Name<br>*Nombre en Letra de Molde* | Signature/*Firma* | Role/*Relacion* | Telephone Number<br>*Numero de Telefonico* |
|---|---|---|---|
| Alyssa Lucero | | DCSS- OCWI | 623-333-7920 |
| Honor Duvall | | Mother | ▮ |
| Donald Sankey | | Father | ▮ |
| Samantha Francis | | Family Friend | ▮ |
| Margaret Good | | MGGM/responsible adult | ▮ |
| Laura Hiebert | | Family Friend | ▮ |
| Dawn Duvall | | MGM | ▮ |
| Gordon Gooley | | Friend | ▮ |
| Candice Boys | | Friend | ▮ |
| Donald Sankey Sr | | PGF | ▮ |
| Debra Sankey | | PGM | ▮ |
| Jeff Duncan | | OCWI - Supervisor | 623-512-1314 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, contact your local office; TTY/TDD Services: 7-1-1. • Free language assistance for Department services is available upon request. • Ayuda gratuita con traducciones relacionadas con los servicios del DCS está disponible a solicitud del cliente.

DUVALL_000047

**Signatures of Participants (Signature does not imply agreement)**
**Firmas de Participantes (Su firma no significa que acepta un acuerdo)**

| Print Name<br>Nombre en Letra de Molde | Signature/Firma | Role/Relacion | Telephone Number<br>Numero de Telefonico |
|---|---|---|---|
| Samantha Francis | on phone | family friend | |
| Margaret Good | on phone | MGGM | |
| Laura Hiebert | on phone | family friend | |
| Honor Duvall | [signature] | mother | |
| Donald Sankey | [signature] | father | |
| Dawn Duvall | [signature] | Grandmother | |
| Gordon Cooley | [signature] | Friend | |
| Candice Bays | [signature] | Friend | |
| Donald Sankey | [signature] | Grandfather | |
| Debra Sankey | [signature] | Grandmother | |
| Alyssa Lucero | [signature] | Case Manager | (023-333-7920 |
| Jeff Duncan | on phone | OCWI | 623.512.1314 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Equal Opportunity Employer/Program • Under Titles VI and VII of the Civil Rights Act of 1964 (Title VI & VII), and the Americans with Disabilities Act of 1990 (ADA), Section 504 of the Rehabilitation Act of 1973, the Age Discrimination Act of 1975, and Title II of the Genetic Information Nondiscrimination Act (GINA) of 2008; the Department prohibits discrimination in admissions, programs, services, activities, or employment based on race, color, religion, sex, national origin, age, disability, genetics and retaliation. The Department must make a reasonable accommodation to allow a person with a disability to take part in a program, service or activity. For example, this means if necessary, the Department must provide sign language interpreters for people who are deaf, a wheelchair accessible location, or enlarged print materials. It also means that the Department will take any other reasonable action that allows you to take part in and understand a program or activity, including making reasonable changes to an activity. If you believe that you will not be able to understand or take part in a program or activity because of your disability, please let us know of your disability needs in advance if at all possible. To request this document in alternative format or for further information about this policy, contact your local office; TTY/TDD Services: 7-1-1. • Free language assistance for Department services is available upon request. • Ayuda gratuita con traducciones relacionadas con los servicios del DCS está disponible a solicitud del cliente.

DUVALL_000048

CSO-1000A (6-18)
*PAGE 2 ON REVERSE*

**ARIZONA DEPARTMENT OF CHILD SAFETY**
**TEMPORARY CUSTODY NOTICE**

On *(Date)* 3/16/19   At *(Time)* 6:11   ☐ AM ☒ PM , temporary custody of *(child's name)* ▮▮▮▮▮
was taken at *(Address)* ▮▮▮▮▮   by *(Agency)* DCS

**Type of abuse or neglect requiring temporary custody: Select the circumstance(s) that most clearly describe the danger to the child(ren) and reason temporary custody is necessary.**

☐ Medical examination is required to diagnose abuse.

☐ The child is unsupervised or alone now or on a daily basis, or has been left with a person who is unwilling or unable to provide adequate care.

☐ The caregiver is unable to perform essential parental responsibilities due to substance use, mental illness, physical impairment, cognitive limitations.

☐ The caregiver is unable or unwilling to perform essential parental responsibilities and there is no other appropriate caretaker immediately available.

☐ The caregiver is out of control and cannot focus or manage his/her behavior in ways to properly perform parental responsibilities.

☐ The caregiver's behavior is violent, bizarre, erratic, unpredictable, incoherent, or totally inappropriate and is a threat to child safety.

☐ The caregiver is brandishing weapons, known to be dangerous and aggressive, or is behaving in attacking or aggressive ways that are a threat to child safety.

☒ The caregiver has not, cannot, or will not protect the child from serious or severe harm, including harm from other persons having access to the child.

☐ Dynamics in the household include a person establishing power, control, or coercion over a caregiver in a way that impairs necessary supervision or care of the child and has caused, or will likely cause, serious or severe harm to the child's physical, mental, or emotional health.

☐ The caregiver has an extremely negative perception of the child, and/or has extremely unrealistic expectations for the child's behavior.

☐ Physical conditions in the home are hazardous and immediately threaten the child's safety.

☐ The caregiver is subjecting the child to brutal or bizarre punishment or there is severe to extreme maltreatment alleged to be occurring.

☐ The child requires immediate medical attention, and the absence of medical treatment could seriously affect the child's health and well-being.

☐ The child is actively endangering self or others and the caregiver cannot or will not control the child's behavior or arrange or provide necessary care.

☐ There is evidence of recent sexual abuse, the perpetrator currently has access to the child, and no protective action is being taken by a caregiver.

☐ The child has injuries such as facial bruises, injuries to the head, multiple plane injuries, injuries to a non-ambulatory child, immersion burns.

☐ The child has serious injuries that the caregivers and others cannot or will not explain, or the explanation is inconsistent with the child's injuries or condition.

☐ The caregiver deliberately harmed the child, or caused or threated to cause serious or severe harm to the child.

☐ The child is profoundly fearful (terrified) of their present home situation, or a particular person living in or having access to the home.

☐ The caregiver previously endangered a child and/or caused harm to a child and circumstances indicate the person will likely cause severe harm to the child.

☐ There is evidence of abuse or neglect and the caregiver cannot produce the child, refuses access to or is likely to flee with the child, or actively avoids DCS.

☐ Criminal activity by the caregiver or criminal activity of other persons living in or having access to the home will likely result in severe harm to the child.

Select how temporary custody was obtained: ☐ Parent or Guardian Consent ☒ Court Authorized ☐ Exigent Circumstances

**The Department of Child Safety (DCS) must:**

- Return your child within **72 hours** *(not including weekends and holidays)* unless DCS files a legal paper, called a petition, with Juvenile Court. If a petition is filed, your child will be kept in the temporary custody of DCS.

- Return your child within **12 hours** if your child was removed for a medical examination, unless abuse is revealed, and

- Inform you of the right to give a verbal, telephonic or written response to the allegations and have the response included in the investigation report. Any documentation you give, what you say or write, will be included in the case record and can be used in court proceedings.

DCS REPRESENTATIVE'S NAME *(Please print)* Michua Wondaw   |   AREA CODE AND PHONE NO.

ARIZONA DEPARTMENT OF CHILD SAFETY ADDRESS *(No., Street, City, State, ZIP)* AZ Office

DCS SUPERVISOR'S NAME *(Please print)* Brandi Cullen   |   AREA CODE AND PHONE NO.

METHOD OF NOTICE: On *(date)* 3/16/19 , at *(time)*  ☐ AM ☒ PM , I served notice to *(parent, guardian or custodian) (print name)* Honor Duvall   Donald Zanken

Method used: ☒ In-Person ☐ Left at Residence ☐ Verbal ☐ Fax   Date: 3/16/19   Time: 6:24
Address where mailed/left/given (No., Street, City, State, ZIP)

What is the child or child's parents American Indian heritage/ancestry:   Has the tribe been notified? ☐ Yes ☐ No ☒ N/A
PARENT, GUARDIAN OR CUSTODIAN'S SIGNATURE

DCS REPRESENTATIVE'S SIGNATURE *(Or law enforcement officer)*   |   DATE 3/16/19

ROUTING: Original – Parent/Guardian/Custodian; 1st Copy – Sent to Assistant Attorney General to file with the Petition; 2nd Copy – Retained in the case record

DUVALL_000049

1   ORIGINAL of the foregoing filed
    this ⟨handwritten⟩ day of March, 2019, with:
2

3   Clerk of the Court
    Maricopa County Superior Court
4   Juvenile Division/Durango Facility
    3131 West Durango
5   Phoenix, AZ 85009-6292

6
    Copy of the foregoing hand-delivered
7   this ⟨handwritten⟩ day of March, 2019, to:

8
    Honorable
9   Maricopa County Superior Court
    Juvenile Division/Durango Facility
10  3131 West Durango
    Phoenix, AZ 85009-6292
11

12  Copies of the foregoing mailed
    this ⟨handwritten⟩ day of March, 2019, to:
13

14  Foster Care Review Board
    1501 W. Washington, Suite 128
15  Phoenix, Arizona 85007

16
    Alyssa M Lucero
17  Case Manager
    Site Code:  C952
18

19

20

21

22

23

24  HMD / Sankey/Duvall / HDM#7745868

25

26

27

28
                                              14

DUVALL_000050