Cynthia Y. Patane (SBN: 018439)
Rachel L. Werner (SBN: 033361)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3647
Facsimile: (602) 265-4716
cpatane@grsm.com
rwerner@grsm.com

*Attorneys for Defendants*
*Brendan Cassidy and Jane Doe Cassidy*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, an individual; Donald Sankey, Junior, an individual; S.Z.S., a minor, through his parents and guardians Honor Duvall and Donald Sankey,<br><br>    Plaintiffs,<br><br>    v.<br><br>Arizona Department Of Child Safety, a governmental entity; State of Arizona, a governmental entity; Brenda Gualajara, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Gualajara, her spouse, Fernando Araizo, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Araizo, his spouse; Alyssa Lucero, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Lucero, her spouse; Jeffrey Duncan, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Duncan, his spouse; Chantel Madson, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Madson, her spouse; Phoenix Children's Hospital, INC., an Arizona corporation, individually and as a services provider for the State of Arizona Department of Child Safety; Brendan Cassidy, individually and as a services provider for the State of Arizona Department of Child Safety and Jane | **CASE NO. 21-CV-00167-PHX-ROS**<br><br>**DEFENDANT DR. CASSIDY'S REPLY IN SUPPORT OF DAUBERT MOTION REGARDING DR. TODD A. LEFKOWITZ, M.D.** |

| | |
|---|---|
| 1 | Doe Cassidy, his spouse; William S. Wood, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Wood, his spouse; Kathryn Coffman, individually and as a service provider for the State of Arizona Department of Child Safety and John Doe Coffman, her spouse; Hailey Dietzman, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Dietzman, her spouse; Zachary Dion, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Dion, his spouse; Carey Lewis, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Lewis, her spouse; Gregory Mckay, as former Director, Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; John and Jane Does 1-5; and Black Entities 1-5, |

                                         Defendants.

Defendant Dr. Cassidy submits his Reply in support of his *Daubert* Motion Regarding Dr. Todd Lefkowitz. The Court should preclude the testimony of Todd Lefkowitz, M.D., that Abusive Head Trauma (AHT) is not a valid medical diagnosis, that there is no significant relationship between retinal hemorrhages and AHT and that Dr. Cassidy fell below the standard of care for diagnosing AHT. Dr. Lefkowitz has admitted that he is an outlier, whose opinions about AHT are rejected by the relevant medical and scientific communities, and that no professional societies agree with him. (Exhibit 2 – Defendant's *Daubert* Motion). His admissions are sufficient to preclude his opinions on AHT under *Daubert* and FRE Rule 702.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Abusive head trauma has had longstanding and general acceptance within the medical community, according to Dr. Lefkowitz. (Exhibit 2 – Defendant's *Daubert*

Motion). Despite this, in their Response to Dr. Cassidy's *Daubert* Motion, Plaintiffs argue that AHT is controversial and they provided the Court with a supplemental report from Dr. Lefkowitz, dated May 25, 2023. (Plaintiffs' Exhibit 4). Dr. Lefkowitz's supplemental report should not be considered by the Court in ruling on the Motion. The report was not signed by Dr. Lefkowitz, as required by Rule 26 (a)(2)(B), and it pertains to a non-party named "Colten." (Plaintiffs' Exhibit 4, p.11, second full paragraph). Further, the supplemental report was not timely disclosed. By way of background, Plaintiffs' deadline to disclose expert reports was August 26, 2022. (Document 94 – Order dated July 15, 2022). Prior to the deadline, Plaintiffs disclosed the report of Dr. Lefkowitz, dated December 8, 2021. In his report of December 8, 2021, Dr. Lefkowitz identified three medical articles that he relied on to support his opinions. (Exhibit 3, Report of Dr. Lefkowitz dated December 8, 2021, pp.1222-1223). Dr. Lefkowitz was deposed on November 14, 2022. On May 26, 2023, Plaintiffs disclosed Dr. Lefkowitz's supplemental report, which Plaintiffs have marked as Exhibit 4 to their Response. The supplemental report was disclosed *nine months* after the deadline to disclose expert reports and six months after Dr. Lefkowitz was deposed. (Exhibit 4, Plaintiffs' 12th Supplemental Disclosure Statement, dated May 26, 2023.) Dr. Lefkowitz's supplemental report identifies publications that Dr. Lefkowitz admitted he did not rely on in forming his opinions. Specifically, during Dr. Lefkowitz's deposition on November 14, 2022, Dr. Lefkowitz testified that he did not rely on any literature authored by Dr. Steven Gabaeff in forming his opinions in this case. (Exhibit 5, Deposition testimony of Dr. Lefkowitz p.40:20 to p.41:1). Yet, in the supplemental report, two papers that were authored by Dr. Gabaeff are listed as articles Dr. Lefkowitz relied on. (Plaintiffs' Exhibit 4 – p.3, exhibits 11 and 13). Dr. Lefkowitz testified in November 2022 that he did not rely on the Rooks article to support his opinions. Yet, in the supplemental report, the Rooks article is listed as a publication that Dr. Lefkowitz relied on. (Exhibit 4 of Plaintiffs' Response to Dr. Cassidy's Daubert Motion, p.3, item 6). The opinions and materials in the supplemental report were not available to

1  Defendants until 6 months after Dr. Lefkowitz was deposed. Thus, Defendants were
2  prevented from discovering Dr. Lefkowitz's new opinions and the new materials he
3  relied on in the supplemental report. The report should not be considered by the Court
4  in ruling on Dr. Cassidy's *Daubert* Motion.

5  Plaintiffs also rely on the holding in *State v. Nieves*, 2023 WL 5947996 in their
6  Response. However, *Nieves* was a criminal case in New Jersey with a higher burden of
7  proof. It held that AHT was generally accepted in the pediatric community. The relevant
8  community for determining the standard of care for a pediatric ophthalmologist is the
9  pediatric community. Thus, the *Nieves* holding supports Dr. Cassidy's argument that it
10 is not below the standard of care for a pediatric ophthalmologist to diagnose AHT in the
11 presence of retinal hemorrhages like those seen in SZS.

12 Dr. Lefkowitz is not qualified as an expert witness for the reasons set forth in Dr.
13 Cassidy's Motion for Summary Judgment on Negligence. Those arguments are
14 incorporated here. Distilled, Dr. Lefkowitz is not a pediatric ophthalmologist like Dr.
15 Cassidy. As a result, Dr. Lefkowitz is not qualified to testify against Dr. Cassidy on the
16 standard of care pursuant to A.R.S. §12-2604.

17 Defendant Dr. Cassidy respectfully requests that the Court preclude the testimony
18 of Dr. Lefkowitz regarding AHT based on *Daubert* and FRE 702. Additionally, Dr.
19 Lefkowitz is not qualified based on A.R.S. §12-2604 to testify that Dr. Cassidy did not
20 meet the standard of care.

Dated: October 26, 2023     **GORDON REES SCULLY MANSUKHANI, LLP**

By:  /s *Cynthia Y. Patane*
     Cynthia Y. Patane
     Rachel L. Werner
     *Attorneys for Defendants*
     *Brendan Cassidy and Jane Doe Cassidy*

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2023, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties, and will e-mail all notification of such filing to all non-CM/ECF system participants.

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Mills & Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub, Esq.
Sandra Daussin, Esq.
Gillespie, Shields, Goldfarb Taylor
7319 North 16th Street
Phoenix, AZ  85020
*Attorneys for Plaintiffs*

Georgia Staton
Ravi V. Patel
Jones, Skelton & Hochuli, PLC
40 North Central Ave., Suite 2700
Phoenix, AZ  85004
*Attorneys for Defendants State of Arizona and ADOCS*

Kari B. Zangerle
Robert C. Stultz
Gust Rosenfeld, P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ  85004-2553
*Attorneys for Defendants Phoenix Children's Hospital;*
*Dr. William S. Wood and Rachel Wood; Dr. Kathryn Coffman;*
*Hailey Dietzman and Roald Dietzman; Zachary Dion; and Carey Lewis*

By: /s Z. Seyferth