**GUST ROSENFELD P.L.C.**
Kari B. Zangerle, No. 013164
Robert C. Stultz, No. 025781
kzangerle@gustlaw.com
rstultz@gustlaw.com
One East Washington Street, Suite 1600
Phoenix, Arizona 85004-2553
(602) 257-7422
Fax: (602) 254-4878

*Attorneys for Defendants Phoenix Children's Hospital; Dr. William S. Wood and Rachel Wood; Dr. Kathryn Coffman; Haley Dietzman and Roald Dietzman; Zachary Dion; and Carey Lewis*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, an individual; Donald Sankey, Junior, an individual; S.Z.S., a minor, through his parents and guardians Honor Duvall and Donald Sankey,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Department Of Child Safety, a governmental entity; *et al.*,<br><br>Defendants. | Case No.: 21-CV-00167-PHX-ROS<br><br>**JOINT STATEMENT OF DISCOVERY DISPUTE**<br><br>(Hon. Roslyn O. Silver) |

The parties, by and through undersigned counsel, submit this Joint Statement of Discovery Dispute.

    **A.**    **PCH's Position**

This dispute concerns Plaintiffs' failure to pay outstanding balances to three of PCH's expert witnesses after deposing them, despite multiple requests for payment. Plaintiffs deposed Corey Rood, M.D. (pediatrics/forensic child abuse) on April 6, 2023;

Charles Maxfield, M.D. (pediatric radiology) on April 7, 2023; and Jonathan Horton, M.D. (pediatric ophthalmology) on April 21, 2023. Each expert has an outstanding balance owed by Plaintiffs for their deposition: Dr. Rood ($600.00); Dr. Maxfield ($1,200), and Dr. Horton ($1,087.50). The outstanding balances are for deposition time only and do not include deposition preparation time, which has not been charged to Plaintiffs. Moreover, the outstanding balances are for deposition time spent beyond the amount of time prepaid by Plaintiffs. Pursuant to Rule 26(b)(4)(E), Plaintiffs are required to pay the outstanding balances for these expert depositions that they noticed. Without any legal authority, Plaintiffs claim they are required to pay only for time spent "on the record" and not for breaks during the depositions they noticed. Despite multiple requests, Plaintiffs have failed to pay the balances.[1]

### B. Plaintiffs' Position

FRCP 26(b)(4)(E) provides that a deposing party "pay the expert a reasonable fee for time spent *in* responding" to questions at deposition. FRCP 30(d) limits a deposition to "one day of 7 hours." The 7-hour limit is widely understood as actual time spent *on the record in* a deposition. The time spent on the record in deposition for the above experts and the payments made and arguably outstanding follows:

**Dr. Jonathan Horton**            **Deposed on 04/21/2023 via Zoom (no travel required)**
Start time:       10:36 a.m.       End time:       4:00 p.m.
Total duration:  5:24              Time paid:      4 hours (Ck #2232 $2,900 on 4/24/23)
Total recesses:  1:02
Time on record: 4:22               **Time owed:    0:22 (0.4 hours) @ $725/hr = $290**

**Dr. Corey Rood**                 **Deposed on 04/06/2023 via Zoom (no travel required)**
Start time:       10:04 a.m.       End time:       1:24 p.m.
Total duration:   3:20             Time paid:      3 hours (Ck #2219, $1,200 on 4/05/2023;
                                                   Ck #2231  $   600 on 4/24/2023)
Total recesses:   0:20
Time on record: 3:00               **Time owed:    0 hours @ $600/hr = $0.00**

**Dr. Charles Maxfield**           **Deposed on 07/07/2023 via Zoom (no travel required)**
Start time:       10:31 a.m.       End time:       1:54 p.m.
Total duration:   3:23             Time paid:      2 hours (Ck #2220, $1,200 on 4/05/2023)

---

[1] The PCH Defendants requested that Plaintiffs revise their portion to comply with the Court's 14-line requirement. See the email correspondence attached as **Exhibit 1**.

| | |
|---|---|
| 1 | Total recesses:   0:24        **Time owed:    0.59 (0.9 hours) @ $600/hr = $540** |

2  Plaintiffs offered PCH Defendants additional payments of $290 for Dr. Horton; $560 for
3  Dr. Maxfield; and $0 for Dr. Rood. PCH Defendants did not respond but apparently
4  reject that offer since we are now submitting this joint statement. PCH Defendants cite
5  no authority for their position that the Rules require Plaintiffs to pay their experts for
6  time not spent on the record, in contravention of the plain language of Rules 26(b)(4)(E)
7  and 30(d) taken in concert. *See Wagner v. Shasta Cnty.*, 2:20-CV-0403, *1-2 (E.D. Cal.
8  Apr. 8, 2022) ("Because [Rule 26(b)(4)(E)(i)] requires a reasonable fee *for time spent*,
9  experts are entitled to a reasonable hourly rate for the *actual time spent in a deposition*,
10 … .") (emphasis added). Plaintiffs are not in privity with these experts and had no
11 opportunity to negotiate the excessive hourly rates, i.e., $725/hr, $600/hr, and $600/hr,
12 respectively. Plaintiffs paid these experts "a reasonable fee" for actual time on the
13 record in deposition and ought not be made to pay more.

14        DATED this 27th day of October, 2023.

15                                            **GUST ROSENFELD P.L.C.**

17                                            By  /s/ Kari B. Zangerle
18                                                Kari B. Zangerle
                                                  Robert C. Stultz
19                                                One East Washington Street, Suite 1600
                                                  Phoenix, AZ  85004-2553
20                                                *Attorneys for Defendants Phoenix
21                                                Children's Hospital; Dr. William S. Wood
                                                   and Rachel Wood; Dr. Kathryn Coffman;
22                                                Haley Dietzman and Roald Dietzman;
                                                  Zachary Dion; and Carey Lewis*

26  / / / /

- 4 -

**MILLS & WOODS LAW PLLC**

By /s/ Thomas A. Connelly (with permission)
Thomas A. Connelly
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties, and will e-mail all notification of such filing to all non-CM/ECF system participants.

Thomas A. Connelly, Esq.
Robert T. Mills, Esq.
Sean A. Woods, Esq.
Mills & Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub, Esq.
Mark Shields, Esq.
Gillespie, Shields, Goldfarb Taylor
7319 North 16th Street
Phoenix, AZ  85020
*Attorneys for Plaintiffs*

/ / / /

- 5 -

| | |
|---|---|
| 1 | Georgia A. Staton, Esq. |
| 2 | Ravi V. Patel, Esq. |
|   | Stephanie D. Baldwin, Esq. |
| 3 | Jones, Skelton & Hochuli, PLC |
|   | 40 North Central Ave., Suite 2700 |
| 4 | Phoenix, AZ  85004 |
| 5 | *Attorneys for State Defendants* |
| 6 | Cynthia Y. Patane, Esq. |
| 7 | Rachel L. Werner, Esq. |
|   | Gordon Rees Scully Mansukhani, LLP |
| 8 | One Renaissance Square |
|   | Two North Central Ave., #2200 |
| 9 | Phoenix, AZ  85004 |
|   | *Attorneys for Defendant Brendan Cassidy* |
| 10 | |
| 11 | By ../s/ Melody Kern |