Cynthia Y. Patane (SBN: 018439)
Rachel L. Werner (SBN: 033361)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-3647
Facsimile: (602) 265-4716
cpatane@grsm.com
rwerner@grsm.com

*Attorneys for Defendants*
*Brendan Cassidy and Jane Doe Cassidy*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, an individual; Donald Sankey, Junior, an individual; S.Z.S., a minor, through his parents and guardians Honor Duvall and Donald Sankey,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Department Of Child Safety, a governmental entity; State of Arizona, a governmental entity; Brenda Gualajara, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Gualajara, her spouse, Fernando Araizo, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Araizo, his spouse; Alyssa Lucero, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Lucero, her spouse; Jeffrey Duncan, individually and as an employee with the State of Arizona Department of Child Safety and Jane Doe Duncan, his spouse; Chantel Madson, individually and as an employee with the State of Arizona Department of Child Safety and John Doe Madson, her spouse; Phoenix Children's Hospital, INC., an Arizona corporation, individually and as a services provider for the State of Arizona Department of Child Safety; Brendan Cassidy, individually and as a services provider for the State of Arizona Department of Child Safety and Jane | **CASE NO. 21-CV-00167-PHX-ROS**<br><br>**DEFENDANT BRENDAN CASSIDY, M.D.'S RESPONSE TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

| | |
|---|---|
| 1 | Doe Cassidy, his spouse; William S. Wood, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Wood, his spouse; Kathryn Coffman, individually and as a service provider for the State of Arizona Department of Child Safety and John Doe Coffman, her spouse; Hailey Dietzman, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Dietzman, her spouse; Zachary Dion, individually and as a services provider for the State of Arizona Department of Child Safety and Jane Doe Dion, his spouse; Carey Lewis, individually and as a services provider for the State of Arizona Department of Child Safety and John Doe Lewis, her spouse; Gregory Mckay, as former Director, Arizona Department of Child Safety; Michael Faust, as Director, Arizona Department of Child Safety; John and Jane Does 1-5; and Black Entities 1-5, |
| | Defendants. |

Defendant Dr. Brendan Cassidy requests that this Court deny Plaintiffs' Motion for Summary Judgment on res judicata, collateral estoppel and conspiracy. The findings of the Juvenile Court are not res judicata for purposes of this lawsuit because Dr. Cassidy was not a party, the cause of action was different, he did not have an opportunity to litigate the issues in the Juvenile Court, and none of the *Rooker-Feldman* factors apply to Dr. Cassidy. Plaintiffs are not entitled to summary judgment on the conspiracy claim where they have no evidence that Dr. Cassidy was a state actor.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BACKGROUND**

On February 22, 2019, Dr. Cassidy was contacted by Phoenix Children's Hospital and asked if he would perform an ophthalmology examination of S.Z.S., a 2 month-old boy. (Doc. 310 – Deposition testimony of Dr. Cassidy, p.69:9-24.) The Department of

1  Child Safety had already been contacted with a report of suspected child abuse and started
2  an investigation into whether S.Z.S. had been abused before Dr. Cassidy arrived to
3  perform the examination. (Doc. 310 – Deposition testimony of H. Duvall, p.266:14-25.)
4  During the examination, Dr. Cassidy's findings included retinal hemorrhages in both eyes.
5  Dr. Cassidy listed possible causes of the retinal hemorrhages as abusive head trauma, a
6  crush injury, an acceleration/deceleration injury, a bleeding disorder, sepsis and/or cancer.
7  (Doc. 310 – Consultation report dated February 22, 2019). Dr. Cassidy did not
8  communicate with DCS or law enforcement about the case. (Doc. 310 – Dr. Cassidy's
9  deposition testimony, p.273:6 to p.274:1). Dr. Cassidy was not paid for the evaluations of
10 S.Z.S. or other children he was called upon to examine at PCH on an emergency basis
11 where there was suspicion of abuse. (Ex. 12 attached hereto, Deposition transcript of Dr.
12 Cassidy p.44:13 to p.47:8). Dr. Cassidy's medical records are accurate. Dr. Warren Heller
13 performed an evaluation of S.Z.S. days after Dr. Cassidy's examination of S.Z.S. Dr. Todd
14 Lefkowitz, Plaintiffs' expert ophthalmologist, testified that Dr. Heller's examination was
15 not reliable and Dr. Heller's findings should be disregarded. (Doc. 341, Exhibit 2, Dr.
16 Lefkowitz's Deposition Testimony p.52:20 to p.53:24.) DCS removed S.Z.S. from his
17 parents' custody for approximately 8 1/2 months. Plaintiffs filed this lawsuit in November
18 2020.

**II.  RES JUDICATA AND COLLATERAL ESTOPPEL DO NOT BAR DEFENDANTS FROM CHALLENGING THE JUVENILE COURT'S FINDINGS**

The Juvenile Court decision and findings in the dependency hearing are not res judicata and Dr. Cassidy should not be prevented from attacking the Juvenile Court's decision and findings. The Juvenile Court ultimately found that DCS did not meet its burden of proof in the dependency action and the evidence did not establish that there was a dependency as to either parent. (Doc 319-22, at DUVALL_000052). The Juvenile Court did not make a finding of "no abuse," as Plaintiffs state in their Motion.

A judgment on the merits in a prior case is res judicata only as to the same parties or their privies that bring a second lawsuit based on the same cause of action. *Gilbert v. Board of Medical Examiners of State of Arizona*, 155 Ariz. 169, 174 (App. 1987). *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982). The doctrine binds the same party, standing in the same capacity in subsequent litigation on the same cause of action. *Id*.

The findings of the Juvenile Court are not res judicata for purposes of this lawsuit. As a result, Dr. Cassidy is not collaterally estopped from presenting evidence that SZS was abused, sustained abusive head trauma or challenging the other findings made by the Juvenile Court. The elements necessary to invoke collateral estopped are:

(1) the issue was actually litigated in a previous proceeding;

(2) there was a full and fair opportunity to litigate the issue;

(3) the resolution of such issue was essential to the decision;

(4) it was a valid and final decision on the merits; and

(5) there was a common identity of parties.

*J.W. Hancock Enterprises, Inc. v. Arizona State Registrar of Contractors*, 142 Ariz. 400, 410 (App. 1984).

The elements of collateral estoppel are missing from this action. Specifically, the issues in the Juvenile Court are not the same as those being raised in this lawsuit. The ultimate issue before the Juvenile Court was to determine whether SZS should be removed from his home pursuant to A.R.S. §8-201(15). That is not an issue before this Court.

There were no legal issues before the Juvenile Court regarding Dr. Cassidy. The legal issues before this Court as to Dr. Cassidy are whether he provided reasonable care, whether he intentionally inflicted emotional distress on Plaintiffs and whether he violated the Plaintiffs' civil rights under §1983.

There were factual and credibility issues in the Juvenile Court that were determined by the Judge as opposed to a jury, including: whether the PCH records contain errors; the scope of Dr. Cassidy's assessment; the credibility of Dr. Warren Heller, Dr. Cassidy and Plaintiffs; whether bruising can be identified in photos of SZS and whether he had bruising; whether the petechiae on the chest was an indicator of abuse; whether credible testimony established retinal hemorrhages in both eyes; and whether birth trauma caused any injuries to SZS.

Additionally, there is not an identity of parties in the dependency action and this action. Dr. Cassidy, PCH and the other healthcare professionals who are Defendants in this matter were not parties to the dependency hearing and could not have been joined as parties.

The most important factor in determining whether collateral estoppel applies is whether the party against whom preclusion is sought had a full and fair opportunity to litigate the issues in the prior proceeding. *Wetzel v. Arizona State Real Estate Department*, 151 Ariz. 330, 334 (App. 1986). Dr. Cassidy did not have a full and fair opportunity to litigate any issues in the Juvenile Court. Dr. Cassidy was not a party to the dependency action, he was not represented by counsel and he was not able to present any arguments to the Juvenile Court. He did not have the right to question his accusers, present expert testimony, or depose witnesses. Contrary to Plaintiffs' assertions, Dr. Cassidy's findings did not cause DCS or the Buckeye Police Department to investigate. His findings were made after those agencies had started their investigation. Dr. Cassidy had no communication with DCS or the Buckeye Police Department. Dr. Cassidy did not work with DCS or the State in the dependency hearing. In sum, Dr. Cassidy did not have a full and fair opportunity to present his case in the Juvenile Court.

Plaintiffs' Motion for Partial Summary Judgment on res judicata and collateral estoppel should be denied because Dr. Cassidy did not have a full and fair opportunity to litigate the issues in the Juvenile Court, he was not a party and the causes of action in the Juvenile Court and this Court are not the same.

The *Rooker–Feldman* doctrine originates in the Supreme Court's decisions of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Application of the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). *See Verizon Md., Inc. v. Public Service Comm. of Md.,* 535 U.S. 635, 644 n. 3, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002). According to *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir.2009), four threshold factors must be established in order for the *Rooker–Feldman* bar to apply:

> First, the federal-court plaintiff must have lost in state court.
> Second, the plaintiff must complain of injuries caused by a state-court judgment.
> Third, the plaintiff must invite district court review and rejection of that judgment.
> Fourth, the state-court judgment must have been rendered before the district court proceedings commence.

The *Rooker-Feldman* bar does not apply to Dr. Cassidy's defense. He did not lose in state court, complain of injuries caused by a state-court judgment, or invite district court review of a state court judgment. Plaintiffs rely on *Reusser v. Wachovia Bank, M.A.*, 525 F.3d 855 (9th Cir. 2008) to argue that a defense asserted in a federal court action is considered an appeal of a state court decision if arguments raised in the federal court action are inextricably intertwined with a state court decision. In fact, *Reusser* does not apply to a defense raised in federal court.

### III.   DR. CASSIDY WAS NOT PART OF A CONPSIRACY

Plaintiffs alleges that Dr. Cassidy engaged in a conspiracy with DCS, PCH and the Arizona Attorney General's Office. The arguments and evidence presented in Dr.

Cassidy's Motion for Summary Judgment on Plaintiffs' conspiracy claim are incorporated by reference in this Response in their entirety as though fully set forth here. Additionally, Dr. Cassidy was not paid for his evaluation of S.Z.S. or other children he saw emergently at PCH due to suspicion of abuse. Although Plaintiffs assert that Dr. Cassidy had a vested interest in a finding by the Juvenile Court in favor of dependency, they have come forward with no evidence to support that assertion. As a result and based on the reasons in Dr. Cassidy's Motion for Summary Judgment, Plaintiffs are not entitled to summary judgment on their conspiracy claim and Plaintiffs' Motion should be denied.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Summary Judgment on conspiracy, res judicata and collateral estoppel should be denied.

Dated: November 3, 2023         **GORDON REES SCULLY MANSUKHANI, LLP**

By:  /s *Cynthia Y. Patane*
Cynthia Y. Patane
Rachel L. Werner
*Attorneys for Defendants*
*Brendan Cassidy and Jane Doe Cassidy*

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed the foregoing with the Clerk of Court, using the CM/ECF system, which will send notification of such filing to all parties, and will e-mail all notification of such filing to all non-CM/ECF system participants.

Thomas A. Connelly
Robert T. Mills
Sean A. Woods
Mills & Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ  85014
*Attorneys for Plaintiffs*

DeeAn Gillespie Strub, Esq.
Sandra Daussin, Esq.
Gillespie, Shields, Goldfarb Taylor
7319 North 16th Street
Phoenix, AZ  85020
*Attorneys for Plaintiffs*

Georgia Staton
Ravi V. Patel
Jones, Skelton & Hochuli, PLC
40 North Central Ave., Suite 2700
Phoenix, AZ  85004
*Attorneys for Defendants State of Arizona and ADOCS*

Kari B. Zangerle
Robert C. Stultz
Gust Rosenfeld, P.L.C.
One East Washington Street, Suite 1600
Phoenix, AZ  85004-2553
*Attorneys for Defendants Phoenix Children's Hospital;
Dr. William S. Wood and Rachel Wood; Dr. Kathryn Coffman;
Hailey Dietzman and Roald Dietzman; Zachary Dion; and Carey Lewis*

By: /s Z. Seyferth