# Exhibit 1



GUST ROSENFELD
ATTORNEYS SINCE 1921 P.L.C.

■ ONE E. WASHINGTON, SUITE 1600 ■ PHOENIX, ARIZONA 85004-2553 ■ TELEPHONE 602-257-7422 ■ FACSIMILE 602-254-4878 ■

ROBERT C. STULTZ
602-257-7448
rstultz@gustlaw.com

July 26, 2024

**VIA E-MAIL**

Thomas A. Connelly, Esq.
Mills & Woods Law PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ  85014

Re:   *Sankey/Duvall v. Phoenix Children's Hospital, et al.*

Dear Tom:

On Tuesday of this week, we had a meet and confer regarding my clients' claim for attorneys' fees. As you are aware, the Court granted the PCH Defendants' Motion for Summary Judgment and entered Judgment in favor of the PCH Defendants. My clients' total attorneys' fees paid are over $500,000.00, as well as over $200,000.00 paid in costs. As discussed, we are not seeking attorneys' fees related directly to the claims against William Wood, M.D., Carey Lewis, and Zachary Dion. To resolve the claim for recoverable attorneys' fees, I conveyed to you that my clients will settle the claim for payment in the amount of $250,000.00. As part of the settlement of the attorneys' fees claim, your clients must agree to waive and not pursue all appeals of the Court's rulings and Judgment. The $250,000.00 payment must be made no later than September 16, 2024. This demand remains open until Tuesday, July 30, 2024, at 5:00 pm, at which time it will be deemed withdrawn.

During the meet and confer, and in response to my clients' demand discussed above, you conveyed that Plaintiffs would not pursue an appeal in exchange for payment in the amount of $350,000.00.  PCH rejects Plaintiffs' counteroffer.

In a letter dated August 4, 2023, Kari Zangerle advised that pursuant to ER 1.15, the PCH Defendants requested the funds from Plaintiffs' settlement with the State not be disbursed until the end of the litigation, as the claims against the PCH Defendants provide for the recovery of attorneys' fees and costs, if Plaintiffs were unsuccessful. Ms. Zangerle further requested that we be advised if you intended to disburse the settlement funds, so that we could address the issue with the court.  During the meet and confer this week, you stated that your firm disbursed the settlement

July 26, 2024
Page 2

funds, and you confirmed that you did not advise us of the disbursement. After our meet and confer, my office located the probate case (that we had not been informed of) and obtained the filings, which affirm that you failed to provide us notice.

Very truly yours,

Robert C. Stultz
For the Firm

RCS/mak
cc:      DeeAn Gillespie Strub, Esq.