# Exhibit 6A

CLERK OF THE
SUPERIOR COURT
FILED
V. SATURNINO, DEP

2023 NOV -2 PM 4:55

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
**GILLESPIE, SHIELDS, & TAYLOR**
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com
*Attorneys for Petitioner*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| In the Matter of the Conservatorship of: | Case No.: **PB2023-051294** |
| **SWAYDE ZAKAI SANKEY** (DOB 12/23/2018) | **PETITIONER'S CHINA DOLL AFFIDAVIT** |
| Minor. | |

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

Jenny D. Jansch, being first duly sworn upon her oath, states as follows:

1. I am an attorney with the law firm of Gillespie, Shields & Taylor and involved and reviewed the filing of the Amended Petition for Appointment of Conservator for Minor and Approval of Settlement, specifically the filing of the Complaint against Defendants in the Superior Court of the State of Arizona, Maricopa County. The Complaint was removed to the United States District Court of Arizona, Court Action No. 21-cv-00167-ROS. These matters have spanned three years and additional claims are still pending.

2. I have been licensed to practice law as an attorney in the State of Arizona since June 2006.

1

3. On or about April 1, 2020, Petitioner Honor Nacole Duvall, signed a Legal Representation Agreement with Mills + Woods Law, PLLC. The Agreement provides that counsel is entitled to fifty percent (50%) of any amounts recovered by way of settlement, in connection with litigation of claims against the State of Arizona and Arizona Department of Child Safety ("State Defendants") for violation of paternal and family civil rights as to their natural born child, plus reimbursement of any costs incurred.

4. From 2020 to the present, our firms worked on the Duvall/Sankey family's claims by gathering documents; conducting extensive legal research on Section 1983 claims[1]; conducting discovery, including the exchange and review of thousands of documents, preparing documents and witnesses for numerous depositions, and twelve expert depositions; identifying and retaining expert witnesses and expert rebuttal witnesses as the Defendants retained twelve expert witnesses as well, and assisting in the preparation of expert reports; drafting summary judgment papers; drafting motions; preparing pre-trial submissions and representing the clients in mediation, which were ultimately successful in resolving the claims against the State Defendants only. Both firms expended in excess of 2,529.20 hours working on this matter.

5. On July 6, 2023, Plaintiffs' and the State of Arizona ("State Defendants") agreed to settle their claims against the State Defendants only, with the State Defendants agreeing to pay $249,000, of which $5,000 is specifically allocated to the minor. Plaintiffs' remaining claims against all other defendants are proceeding in federal court.

6. The agreed fee of fifty percent (50%) customarily charged for legal services in these type of civil rights cases.

7. Plaintiffs' Counsel have agreed for the purposes of this settlement with the State Defendants to recover costs from the settlement PRIOR to the contingency allocation, which is contrary to the terms of the contingency fee agreement and results in

---

[1] Given the high complexity of this case and the pioneering area of law on Section 1983 claims.

decreasing counsels' contingency allocation and increasing Plaintiffs' allocation. This amounts to counsel absorbing the fifty percent (50%) of the costs as those amounts would normally, by the terms of the contingency agreement, be recovered solely from Plaintiffs' recovery AFTER the contingency allocation.

8. Plaintiffs' attorneys have worked diligently to achieve this result and will recover less than 15% of the professional fees incurred in pursuing this recovery on behalf of the family. Plus, counsel will recover costs prior to the settlement amount being divided as a professional courtesy that adjusts the contracted for fees in Petitioners' favor. This has been proposed so that the parents receive a greater portion of the settlement than they would normally under the contract.

9. Considering the labor and skill required, to perform the necessary services promptly, and the results achieved, the fee is reasonable pursuant to E.R. 1.5 of the Arizona Rules of Professional Conduct. Further, based on the experience and knowledge of Plaintiffs' counsel, the fees sought are commensurate with those customarily charged in Maricopa County for similar services.

GILLESPIE, SHIELDS & TAYLOR

Jenny D. Jansch, Esq.

SUBSCRIBED AND SWORN TO before me this 1st day of November 2023.



Notary Public State of Arizona
Maricopa County
Michelle Feltes
My Commission Expires 12/1/2025
Commission Number 614890

Notary Public

My Commission Expires: 12/1/2025

3