# EXHIBIT J

Thomas A. Connelly (AZ Bar #019430)
Robert T. Mills (AZ Bar #018853)
Sean A. Woods (AZ Bar #028930)
**MILLS + WOODS LAW, PLLC**
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com

DeeAn Gillespie Strub (AZ Bar #009987)
Jenny D. Jansch (AZ Bar #024431)
GILLESPIE, SHIELDS & TAYLOR
7319 North 16th Street
Phoenix, Arizona 85020
Telephone: (602) 870-9700
Fax: (602) 870-9783
mailroom@gillaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, *et al.*, <br> Plaintiffs, <br> v. <br> Arizona Department of Child Safety, *et al.*, <br> Defendants. | Case No.: 21-cv-00167-ROS <br><br> **DECLARATION OF DEEAN GILLESPIE STRUB** <br><br> (Hon. Roslyn O. Silver) |

STATE OF ARIZONA     )
                     ) ss.
County of Maricopa   )

I, DeeAn Gillespie Strub, state and declare as follows:[1]

1. I am over the age of 18, a resident of Maricopa County, State of Arizona, and am competent to testify and to make this Declaration. I have personal knowledge of the matters stated in this Declaration and if called to testify, would do so as stated herein.

---

[1] Any capitalized terms or nouns not defined herein have the meaning ascribed to them in the Motion.

2. I am an attorney at Gillespie, Shields & Taylor, licensed by the Arizona State Bar to practice law in Arizona, and am co-counsel for Plaintiffs in this matter. Thomas A. Connelly, of Mills + Woods Law, PLLC, is lead counsel for Plaintiffs in this matter.

3. In or around July 2023, Plaintiffs settled all their claim with the State Defendants and notified the Court about that settlement. (Doc. 292.)

4. Shortly thereafter, on August 4, 2023, Mr. Connelly and I received a letter from counsel for PCH Defendants' counsel Kari B. Zangerle and Robert C. Stultz demanding under ER 1.15 that the settlement funds received from State Defendants not be distributed "until the end of litigation" and that they be advised in advance of any planned disbursement.

5. PCH Defendants had not filed a motion for summary judgment nor a motion for fees at the time of their demand.

6. Mr. Connelly and I each did our own analysis under ER 1.15 and concluded that PCH Defendants' demand fell far outside the requirements or application of that ethical rule.

7. Additionally, in the fall of 2023, before disbursing the settlement funds, I contacted ethics counsel about the PCH Defendants' demand.

8. As Plaintiffs' counsel, we then conducted ourselves accordingly going forward.

I declare under penalty of perjury that the foregoing is true and correct. I further declare that my electronic signature affixed here is my intended as my legal signature.

**EXECUTED** on this 9th day of September 2024.

       */s/ DeeAn Gillespie Strub*
       DeeAn Gillespie Strub

2