# EXHIBIT 2



Thomas A. Connelly
DIRECT (480) 566-8322
E-Mail Address:  tconnelly@millsandwoods.com

2327-102

28 March 2022

**VIA EMAIL ONLY**
Kari B. Zangerle
Cambell Yost Clare & Norell
3101 N. Central Ave., Ste. 1200
Phoenix, AZ 85012
kzangerle@cyn-phx.com

      Re:    *Duvall v. PCH, et al.*, CV2020-014493-ROS (D. Ariz.)

Dear Kari:

      This letter responds to yours dated 1 March 2022 and 16 March 2022. The gist of your letters, as I understand them, is that Plaintiffs somehow failed to meet what you believe their pre-filing obligations are vis-à-vis the personally named medical professionals. Simply put, we disagree with your position since nothing in the law requires the reviews you contend are necessary prior to the filing of a complaint asserting medical negligence.

      First, Plaintiffs had a reasonable basis, formed after a reasonable inquiry, to believe that your individually named clients provided care that fell below the standard of care. Their belief was formed during and as a result of the juvenile dependency proceedings and based on information gathered from others, such as Dr. Heller and Dr. Gabaeff, as well as the factual findings of the juvenile court following a trial. Consequently, Plaintiffs' discharged their responsibilities under Rule 11, ARCP.[1] Plaintiffs reject your position that Rule 11 required them to have the case reviewed by a practitioner in each area of specialty *prior to filing*, and we note the absence in your letter of any published authority so holding.

      Second, while A.R.S. § 12-2603(A) calls for a certification of whether or not expert opinion testimony will be necessary to prove an applicable standard of care or liability to be filed at the time the complaint is filed,[2] no one disputes that such expert testimony will be required here for the claims against your individually named clients. However, § 12-2603(A) does not require that a preliminary opinion be obtained *prior to filing* or that one be filed at the time of filing of the complaint.

      Third, as you must and do concede in your letter, A.R.S. § 12-2603(B) calls for the filing of a preliminary opinion only "with the initial disclosures that are required by Rule 26.1, Arizona rules of civil procedure" and not at any time before then. A.R.S. § 12-2603(B).[3] As you know, this case was removed by the State Defendants

---

[1] Recall that the matter was originally filed in Superior Court; however, for the same reasons, the filing also complied with FRCP Rule 11.

[2] There is no similar federal statute or requirement.

[3] There is no similar federal statute or requirement.



Kari B. Zangerle
28 March 2022
Page 2 | 3

from state court to federal court before the time that the parties were required to make any disclosures under Rule 26.1 of the Arizona Rules of Civil Procedure. There is no similar federal statute and the federal rules of civil procedure do not require a preliminary expert opinion.

    Fourth, as discussed in my 25 January 2022 letter, you waived the preliminary opinion issue by your conduct (i.e., your failure to participate) when the issue was being debated and resolved with Dr. Cassidy's counsel.

    Finally, as we discussed in our phone conversation on 28 February 2022, with the expert opinion deadline essentially upon us, it makes no sense to now be serving preliminary opinions.

Regards,

**MILLS + WOODS LAW PLLC**

Thomas A. Connelly

TAC/tc
Cc:    As noted on email header