**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONOR DUVALL, et al.,<br><br>    Plaintiffs - Appellants,<br><br>  v.<br><br>PHOENIX CHILDREN'S HOSPITAL, et al.,<br><br>    Defendants - Appellees, | No. 24-5969<br><br>D.C. No.<br>2:21-cv-00167-ROS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted June 5, 2025**
San Francisco, California

Before: CALLAHAN, BADE, and KOH, Circuit Judges.
Concurrence by Judge KOH.

Honor Duvall and Donald Sankey, Jr. ("the Duvalls"), along with their son

S.Z.S. (collectively, "Plaintiffs"), appeal the district court's grant of summary

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment to Phoenix Children's Hospital ("Children's Hospital") and individual defendants Dr. Kathryn Coffman, Dr. William Wood, Dr. Brendan Cassidy, nurse Haley Dietzman, and their respective spouses (collectively, "Defendants"). We presume the parties' familiarity with the facts and do not discuss them in detail here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's grant or denial of summary judgment. *Siino v. Foresters Life Ins.*, 133 F.4th 936, 943 (9th Cir. 2025). "Summary judgment is appropriate only if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (citations omitted). "We may affirm on any ground supported in the record." *Grimm v. City of Portland*, 125 F.4th 920, 925 (9th Cir. 2025).

1. We affirm the grant of summary judgment to Dr. Coffman and Dr. Cassidy on Plaintiffs' claim that they engaged in a conspiracy to violate Plaintiffs' constitutional rights. "It is well established that a parent has a fundamental liberty interest in the companionship and society of his or her child and that the state's interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983." *Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (citation modified). The state violates this liberty interest when it removes a

child "without a court order" unless the state has "reasonable cause to believe that the child is in imminent danger of serious bodily injury." *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018) (quoting *Rogers v. County of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007)). *See also Santosky v. Kramer*, 455 U.S. 745, 753–54 (1982) (requiring that the state "provide the parents with fundamentally fair procedures" before "mov[ing] to destroy weakened familial bonds").

Plaintiffs' claim against Dr. Coffman and Dr. Cassidy fails because they cannot establish a "deprivation" of their constitutional liberty interest. *See* 42 U.S.C. § 1983. The State of Arizona's Department of Child Safety ("DCS") obtained a court order under Ariz. Rev. Stat. § 8-821(A) before temporarily removing S.Z.S. from his parents' custody based on a finding of "probable cause" that removing S.Z.S. was "clearly necessary to protect [him] from suffering abuse or neglect." The temporary removal of S.Z.S. therefore did not violate Plaintiffs' constitutional rights. *Keates*, 883 F.3d at 1236. Plaintiffs also received a full proceeding in Arizona state court when DCS sought to terminate the Duvalls' custody permanently, and so received the requisite "procedures" to satisfy due process. *See Santosky*, 455 U.S. at 754; *Capp v. County of San Diego*, 940 F.3d 1046, 1060 n.8 (9th Cir. 2019).

2.    We also affirm the grant of summary judgment to Defendants on Plaintiffs' claim for intentional infliction of emotional distress ("IIED"). Plaintiffs

alleged that Defendants were liable under this state law claim because their actions "in making or contributing to the making of false reports of abuse to DCS were extreme and outrageous." However, Arizona's mandatory reporting statute requires a medical professional who "reasonably believes that a minor" has been abused to "immediately report or cause reports to be made of this information" to DCS. Ariz. Rev. Stat. § 13-3620(A). The reporting statute immunizes these medical professionals from civil liability and immunizes other medical professionals who "participate" in an "investigation resulting from" such a report. *Id.* § 13-3620(J). Immunity attaches even if the reports of abuse are ultimately found to be wrong, unless the medical professional acted with "malice." *Id.*

Here, because Plaintiffs' claim turns on the Defendants "making or contributing to the making of" reports of child abuse, it is subject to Arizona's reporting statute. *See Ramsey v. Yavapai Family Advocacy Ctr.*, 235 P.3d 285, 293 n.14 (Ariz. App. 2010) (explaining that the reporting statute covers "causes of action arising from reporting and investigating child [] abuse"). And because Plaintiffs fail to present any evidence that Defendants had a "wish" or "intent" to cause harm, *see* Ariz. Rev. Stat. § 1-215(20), Plaintiffs fail to overcome the presumption that Defendants "acted in good faith and with proper motives," *Ramsey*, 235 P.3d at 292.

3.      We affirm the grant of summary judgment to the individual

defendants on Plaintiffs' medical negligence claim, but for different reasons than the district court provided. *Grimm*, 125 F.4th at 925. The district court erred in relying on the reporting statute to grant summary judgment to Dr. Coffman, Dr. Wood, and Ms. Dietzman on Plaintiffs' medical negligence claim, because the reporting statute immunizes "causes of action arising from reporting and investigating child [] abuse, *not* . . . treatment of an alleged abuse victim." *Ramsey*, 235 P.3d at 293 n.14 (emphasis added); *L.A.R. v. Ludwig*, 821 P.2d 291, 295 (Ariz. App. 1991) (holding that immunity does not apply to "negligence claims based on improper treatment"). Nevertheless, as is required under Arizona law, Plaintiffs failed to establish the applicable standard of care through expert testimony from a medical professional with "comparable training and experience" to the allegedly negligent defendants. *See Baker v. Univ. Physicians Healthcare*, 296 P.3d 42, 46 (Ariz. 2013); *Windhurst v. Arizona Dep't of Corrs.*, 536 P.3d 764, 768 (Ariz. 2023). Because the alleged negligent conduct by Dr. Coffman, Dr. Cassidy, and Ms. Dietzman was not "grossly apparent," *Windhurst*, 536 P.3d at 769–70, Plaintiffs' medical negligence claim against these individual defendants fails as a matter of law. *See Seisinger v. Siebel*, 203 P.3d 483, 492 (Ariz. 2009) ("Failure to produce the required expert testimony mandated judgment for the physician-defendant.").

      With respect to Dr. Wood, even if his inaccurate medical report constituted a

breach of the standard of care "that a layman would have no difficulty in recognizing," *Francisco v. Affiliated Urologists Ltd.*, 553 P.3d 867, 873–74 (Ariz. 2024), there is no evidence that his inaccurate report caused Plaintiffs' injury. Accordingly, even if Plaintiffs did not need to produce expert testimony to establish the minimum standard of care for Dr. Wood's alleged negligence, Plaintiffs' claim still fails. *Windhurst*, 536 P.3d at 769 ("In medical malpractice cases, plaintiffs must show that . . . the breach resulted in injury.") (quoting *Baker*, 296 P.3d at 47).

    4.    Plaintiffs alleged that Children's Hospital is liable for negligence, both vicariously through its employees' conduct and for negligent supervision. We affirm the grant of summary judgment to Children's Hospital because Plaintiffs failed to establish the negligence of Children's Hospital employees, *Kopp v. Physician Grp. of Arizona, Inc.*, 421 P.3d 149, 151 (Ariz. 2018), and because Plaintiffs failed to set forth any evidence that Children's Hospital breached its duty "to monitor the quality of medical care furnished to its patients," *id.* at 152 (internal quotations omitted).

    5.    Finally, we review the district court's denial of Plaintiffs' discovery requests for abuse of discretion. *IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1119 (9th Cir. 2020). The district court reasonably found that it was Plaintiffs—and not Children's Hospital—who caused the delay in the requested discovery, and that the

requested discovery was not relevant. These findings were supported by "facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

**AFFIRMED**.

FILED

AUG 1 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Honor Duvall, et al. v. Phoenix Children's Hospital, et al.*, 24-5969

KOH, Circuit Judge, concurring:

I write separately only as to Plaintiffs' claim that Dr. Coffman and Dr. Cassidy engaged in a conspiracy to violate Plaintiffs' constitutional rights. The district court correctly granted summary judgment in favor of Dr. Coffman and Dr. Cassidy because Plaintiffs did not introduce evidence that Dr. Coffman and Dr. Cassidy were state actors for the purposes of § 1983. I would affirm the district court on this basis.

By contrast, the majority holds that Plaintiffs cannot establish a "deprivation" of their constitutional liberty interests. Neither the parties in their briefing to the district court or on appeal nor the district court in its decision below analyzed, addressed, or relied on this argument. I would decline to do so in the first instance. "Our judicial system generally assumes that consideration of an issue at both the trial court and appellate court level is more likely to yield the correct result, because the issue will be more fully aired and analyzed by the parties, because more judges will consider it, and because trial judges often bring a perspective to an issue different from that of appellate judges." *Ecological Rts. Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1154 (9th Cir. 2000).

We also should not consider this new argument in the first instance because it has been abandoned. *See Wilcox v. Comm'r*, 848 F.2d 1007, 1008 n.2 (9th Cir.

1988) ("Arguments not addressed in a brief are deemed abandoned."); *Simpson v. Union Oil Co. of Cal.*, 411 F.2d 897, 900 n.2 (9th Cir. 1969) (Arguments deemed abandoned "need not be considered"); *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (internal citation omitted) ("In our adversarial system of adjudication . . . we rely on the parties to frame the issues for decision.").

Given that the district court reached the correct result on the conspiracy claim and that the parties argued conspiracy below and on appeal, I would affirm on that legal theory only.