WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honor Duvall, et al.,<br><br>          Plaintiffs,<br><br>v.<br><br>Arizona Department of Child Safety, et al.,<br><br>          Defendants. | No. CV-21-00167-PHX-ROS<br><br>**ORDER** |

    Defendants Phoenix Children's Hospital ("PCH"), Dr. Kathryn Coffman, and Haley Dietzman and spouse Roald Dietzman (collectively, "PCH Defendants") have filed a Renewed Motion for Attorneys' Fees and Costs (Doc. 386), to which Plaintiffs renewed their Response, (Doc. 387). PCH Defendants previously filed a Motion for Attorneys' Fees and Costs (Doc. 367), to which Plaintiffs responded (Doc. 373), and PCH Defendants replied (Doc. 378). The Court originally denied PCH Defendants' request without prejudice pending the resolution of Plaintiffs' appeal. (Doc. 382.) The Ninth Circuit affirmed the Court's judgment against Plaintiffs, (Doc. 385), and PCH Defendants now move to renew their request for fees and costs.

    For the reasons that follow, the Court will deny PCH Defendants' Renewed Motion for Attorneys' Fees and Costs without oral argument. *See* LRCiv 7.2(f).

**I.    BACKGROUND**

    The Court has already fully outlined the background and procedural history of this case in a prior Order and will not do so again here. (*See* Doc. 365.)

## II. LEGAL STANDARD

A party seeking an award of attorney's fees must show it is (1) eligible for and (2) entitled to an award, as well as that the requested amount is (3) reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award." LRCiv 54.2(c)(1).

## III. ANALYSIS

### A. Eligibility

For § 1983 claims, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Plaintiffs do not dispute PCH Defendants prevailed on Plaintiffs' § 1983 claim. As the prevailing parties, PCH Defendants are thus eligible for an award of attorney's fees expended in defending against Plaintiffs' § 1983 claim.

PCH Defendants also seek a fee award for prevailing over Plaintiffs' state law claims based on the same conduct as the § 1983 claim. It is an open question in the Ninth Circuit whether a prevailing defendant can recover fees under § 1988(b) for interrelated state law claims. *See Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 976 n.6 (9th Cir. 2011). "When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under § 1988." *Carreras v. City of Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985). The Seventh Circuit has extended this reasoning to permit a prevailing defendant to recover for "defending frivolous pendent claims that are factually or legally related to frivolous civil rights claims." *Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 272 (7th Cir. 1992). In *Munson*, the Seventh Circuit reasoned:

> If a plaintiff can be awarded fees for work done on an *unsuccessful* pendent state claim which is factually or legally related to a successful civil rights claim, then defendants likewise should be entitled to fee awards for defending frivolous pendent claims factually or legally related to frivolous civil rights claims. Separating out the legal services rendered for the federal and pendent claims would be futile in both circumstances.

*Id.*

At least five district courts in the Ninth Circuit have adopted the Seventh Circuit's reasoning in *Munson* and permitted a prevailing defendant to recover for pendent state law claims. *See Crane-McNab v. City of Merced*, 773 F. Supp. 2d 861, 885 (E.D. Cal. 2011); *Lenk v. Monolithic Power Sys., Inc.*, No. 20-cv-08094-BLF, 2022 WL 824233, at *4 (N.D. Cal. Mar. 18, 2022); *McAnally v. Clark Cnty.*, No. 0204CV01220, 2006 WL 240896, at *1 (D. Nev. Jan. 27, 2006); *Beaty v. Santa Rosa III, HOA*, No. 2:12–CV–01807–RCJ–NJK, 2014 WL 37875, at *5 (D. Nev. Jan. 6, 2014); *Harris v. Maricopa Cnty. Superior Ct.*, No. CV 02–0494–PHX–SMM, 2009 WL 775462 (D. Ariz. Mar. 23, 2009).

Plaintiffs suggest "there is good reason to believe that the Ninth Circuit would not adopt the *Munson* court's reasoning." (Doc. 373 at 15.) In support, Plaintiff assert *Munson* is inconsistent with Congress's intent in enacting § 1988 "to attract competent counsel to represent citizens deprived of their civil rights, and to encourage compliance with and enforcement of the civil rights laws." *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 930 (9th Cir. 2003) (citation modified). But Congress's intent to favor civil rights plaintiffs is already reflected in the heightened burden for prevailing defendants to recover fees only for defending against frivolous claims, whereas a prevailing plaintiff is presumed eligible for a fee award "unless special circumstances would render such an award unjust." *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, at 7 (1976)). The *Munson* rule applies this same standard favoring plaintiffs in the context of related state law claims—a prevailing plaintiff seeking a fee award under § 1988(b) need only show a common nucleus of operative fact between the state law claims and a substantial federal claim; but a defendant bears the additional burden of showing each related state law claim was frivolous before being entitled fees for prevailing on the state law claims.

The Court thus finds *Munson*'s reasoning persuasive, and PCH Defendants are eligible to recover a fee award for prevailing over any frivolous pendent state law claims. PCH Defendants argue each of Plaintiffs' state law claims share a common nucleus of operative fact with Plaintiffs' federal claim. "Claims arise from a common nucleus of operative fact where fee-supporting claims are so interrelated with non-fee claims that

plaintiffs 'would ordinarily be expected to try them all in one judicial proceeding.'" *Gerling Glob. Reins. Corp. of Am. v. Garamendi*, 400 F.3d 803, 808–09 (9th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

At first glance, the medical negligence claim against the individual PCH Defendants and the negligence claim against PCH itself do not neatly overlap with Plaintiff's federal claim. As the Ninth Circuit noted on appeal, the negligence claims were not a cause of action arising from reporting and investigating child abuse; rather, they concerned whether PCH Defendants were negligent in treating S.Z.S. and fell short of the applicable standard of care. Even so, Plaintiffs' theory underlying both negligence claims is that PCH Defendants misdiagnosed S.Z.S., wrongly concluding (and thereafter reporting) S.Z.S. was a possible victim of abuse. Additionally, the basis for Plaintiffs' IIED claim was the "making of false reports of abuse to DCS." (Doc. 1-3 ¶ 292.) Thus, Plaintiffs' three state law claims against PCH Defendants are based on a common nucleus of operative fact with Plaintiffs' federal claim, and PCH Defendants are eligible for an award of fees incurred in prevailing over the state law claims.

### B. Entitlement

A court may award attorney's fees to a prevailing defendant under § 1988(b) "if the plaintiff's action was 'unreasonable, frivolous, meritless, or vexatious.'" *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007) (quoting *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994)). "An action becomes frivolous when the result appears obvious or the arguments are wholly without merit," and "[a] defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception." *Id.* (citing *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Harris*, 631 F.3d at 976 (quoting *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)). When a prevailing defendant seeks to recover fees

incurred in defending against pendent state law claims under § 1988(b), the defendant must show that both the federal claim and each interrelated state claim were unreasonable, frivolous, meritless, or vexatious. *See Munson*, 969 F.2d at 271; *Crane-McNab*, 773 F. Supp. 2d at 884–85.

Count Six of Plaintiffs' Complaint stated a § 1983 claim against Dr. Coffman[1] for conspiring with DCS to violate Plaintiffs' rights to familial association based on false allegations that Plaintiffs abused their child ("SZS"). (Doc. 1-3 at 40–42.) Because Dr. Coffman is a private actor, Count Six required Plaintiffs to establish Dr. Coffman engaged in "joint action" with state actors. *See Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). This, in turn, required showing Dr. Coffman was a "willful participant" with the state actors in depriving Plaintiffs of their constitutional rights and that her actions were "inextricably intertwined" with those of the state actors. *See Brunette v. Humane Soc'y of Ventura Cnty.*, 294 F.3d 1205, 1211 (9th Cir. 2002) (first quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); and then quoting *Mathis v. Pac. Gas & Elec. Co.*, 75 F.3d 498, 503 (9th Cir. 1996)).

On summary judgment, the Court dismissed Count Six against Dr. Coffman because Plaintiffs failed to raise an issue of material fact as to a conspiracy between Dr. Coffman and DCS actors. (Doc. 365 at 7–9.) In their responsive briefing, Plaintiffs repeatedly failed to cite to the record in support of their assertions regarding Dr. Coffman pressuring DCS to take custody of SZS; "even with the Court's best efforts" to locate admissible evidence supporting Plaintiffs' contentions, the Court concluded Plaintiffs' contentions were "mere conjecture." (*Id.* at 8.)

Plaintiffs appealed, and the Ninth Circuit affirmed the Court's dismissal of Count Six. However, the Ninth Circuit affirmed on different grounds, holding Count Six fails because Plaintiffs "cannot establish a 'deprivation' of their constitutional liberty interest":

> The State of Arizona's Department of Child Safety ("DCS") obtained a court order under Ariz. Rev. Stat. § 8-821(A) before temporarily removing S.Z.S. from his parents' custody based on a finding of "probable cause" that removing S.Z.S. was "clearly necessary to protect [him] from suffering abuse

---

[1] Count Six was originally pled against eight individuals; but of these eight, Dr. Coffman was the only PCH Defendant. (*See* Doc. 1-3 at 40.) Thus, the Court considers whether Count Six was frivolous only as to Dr. Coffman.

- 5 -

or neglect." The temporary removal of S.Z.S. therefore did not violate Plaintiffs' constitutional rights. *Keates*, 883 F.3d at 1236. Plaintiffs also received a full proceeding in Arizona state court when DCS sought to terminate the Duvalls' custody permanently, and so received the requisite "procedures" to satisfy due process.

(Doc. 385-2 at 3.)

Based on the Ninth Circuit's reasoning, Plaintiffs' § 1983 claim against Dr. Coffman warranted dismissal regardless of Plaintiffs' failures to cite admissible evidence establishing a conspiracy. But the Court must judge whether Plaintiffs' claim was frivolous at the time the Complaint was filed and without the benefit of hindsight.

Overall, there was at least a colorable basis for Plaintiffs to believe individuals at PCH conspired with DCS actors to inappropriately remove SZS from Plaintiffs' custody. During the juvenile court proceedings, the judge took particular issue with PCH Defendants' handling of the matter, dismissing the dependency action based on "significant errors" in PCH's medical records and finding "many of [PCH's] witnesses to lack credibility." (Doc. 373-1 at 2.) After the juvenile court ruled in Plaintiffs' favor, DCS Investigations Manager Jeff Duncan received an internal email notifying him of the decision. Duncan responded: "I literally cannot tell you how much grief I took from PCH, [PCH's Child Protection Team,] and management all the way up to Greg [McKay, Director of DCS,] for not immediately removing this kiddo. Looks like the Judge saw the same things I did. Thanks for sending this over, definitely made my day." (Doc. 373-7 at 3.) Duncan also forwarded the juvenile court's decision to a coworker, writing: "Ironic . . . . Looks like the Judge saw the same things we did on this case." (*Id.* at 2.)

It was also not unreasonable for Plaintiffs to claim Dr. Coffman was part of this pressure campaign to remove SZS over the objection of Duncan and others at DCS. Dr. Coffman was in direct contact with DCS Director McKay regarding Plaintiffs, the legal risks PCH faced based on their handling of the matter, and Dr. Coffman's desire to no longer continue working with DCS. In one email to Director McKay, Dr. Coffman expressed concerns about the "drama surrounding [Plaintiffs] and all the fall out" and "that it has come to our attention that the family was advised by someone from DCS to hire an

- 6 -

attorney to sue the hospital." (Doc. 373-4 at 3.) Dr. Coffman goes on to state: "I think that it's probably the best thing for me to resign my position with the state. I haven't been utilized like we hoped and now I think that there are some bad feelings that will make it hard to continue." (*Id.*)

Taken together, there appears to be at least a reasonable basis to believe Dr. Coffman conspired with DCS Director McKay to remove SZS despite concerns among DCS employees that they lacked probable cause or removal was otherwise improper. Furthermore, as Plaintiffs correctly note, PCH Defendants "did not at the outset of this matter file either a Rule 12(b)(6) motion to dismiss arguing that the claims were not plausible under *Twombly* and *Iqbal*, or a Rule 11 motion arguing that the claims lacked a reasonable factual basis, were frivolous, or were filed only to harass." (Doc. 387.) This too weighs against Plaintiffs' § 1983 conspiracy claim being vexatious or wholly without merit. *See, e.g.*, *Navin v. Hartz*, No. 4:20-CV-00007-TMB, 2023 WL 2989437, at *3 (D. Alaska Apr. 18, 2023) ("Defendants did not move to dismiss the case after Navin filed the Complaint, which significantly weakens their argument that Navin's claims were wholly without merit from the start.").

Because Plaintiffs' § 1983 conspiracy claim against Dr. Coffman was not vexatious or wholly without merit, PCH Defendants are not entitled to recover fees regarding this federal claim or any pendent state law claims.

**IV.   CONCLUSION**

Based on the foregoing, PCH Defendants fail to demonstrate their entitlement under 42 U.S.C. § 1988(b) to an award of fees incurred in prevailing over Plaintiffs' claims. Accordingly,

…

…

…

…

…

**IT IS ORDERED** The PCH Defendants' Renewed Motion for Attorneys' Fees and Costs (Doc. 386) is **DENIED**.

Dated this 5th day of March, 2026.

Honorable Roslyn O. Silver
Senior United States District Judge